Roberta GILCHRIST, for herself and as the representative of the Estate of James Gilchrist, Sr., Kenneth Smith and Selma Smith, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Joseph A. CALIFANO, Jr., as Secretary of the Department of Health, Education and Welfare, and Philip Toia, as Commissioner of the New York State Department of Social Services, Defendants.

No. 77 CIV 3732 (LBS).

United States District Court, S. D. New York.

July 3, 1979.

---

Lee A. Hoffman, Jr., New City, N. Y., Jane Greengold Stevens, Legal Services for the Elderly Poor, New York City, for plaintiffs.

Robert Fiske, Jr., U. S. Atty. for the Southern District of New York, Gaines Gwathmey, III, Asst. U. S. Atty., Robert Abrams, Atty. Gen., State of New York, Emmanuel M. Kay, Asst. Atty. Gen., New York City, for defendants.

## OPINION

SAND, District Judge.

This action is brought by recipients of federal and state benefits under the federal Supplemental Security Income (SSI) program, challenging the classifications used by New York State in providing supplemental state benefits as violative of both the Social Security Act and its implementing regulations, 42 U.S.C. § 1382 *et seq.*, 20 C.F.R. § 416.2030, and the Equal Protection Clause. Plaintiffs seek declaratory and injunctive relief barring the defendants from further use of the challenged classifications, as well as the award of retroactive benefits. The facts are not in dispute. Plaintiffs and the state defendant have made cross-motions for summary judgment; the federal defendant has moved for judgment on the pleadings.

*Challenged provisions of the SSI system*

Since January 1, 1974, public assistance for the aged, blind and disabled has been provided through the SSI program, 42 U.S.C. § 1381 *et seq.* SSI provides a national minimum benefit level for all eligible persons and allows the states to provide additional benefits through state supplements. *Id.* § 1382e. If a state chooses to provide such supplements, it may enter into

an agreement with the Secretary of the Department of Health, Education and Welfare (HEW) whereby HEW administers the state's supplementary payment program. *Id.* As a condition of such administration, however, the state supplementation plan must conform to federal regulations. *Id.*

The regulations pertinent to state supplementary payments provide two categories of recipients—"Individuals" and "Couples" —and allow each state to provide for up to five variations in payment level based upon the recipient's "living arrangement". The regulations also provide, however, that any such differences in payment levels "must be based on rational distinctions between both the types of living arrangements and the costs of those arrangements." 20 C.F.R. § 416.2030(b).

New York State has entered into an Agreement with the Secretary of HEW pursuant to which HEW administers the State's supplemental SSI payments, and pursuant to such Agreement and the federal regulations, the State has elected to provide for five different payment levels based on living arrangements. Three of those categories are group living situations which are not relevant to this action. The other two are designated "Living Alone" and "Living with Others". N.Y.Soc.Serv.L. § 209(3)(a), (b) (McKinney's 1976). "Living Alone" is defined as "living in a private household composed of one eligible individual or one eligible couple"; "Living with Others" is defined in pertinent part as "living in a private household composed of an eligible individual or couple and at least one other person". *Id.*

Plaintiffs contend that the category "Living with Others", as applied to married couples, does not comply with the federal requirement that all variations in payment level be based upon "rational distinctions between both the types of living arrangements and the costs of those arrangements" or with the Equal Protection Clause. When a married couple is joined by a third person, its benefits drop because it is reclassified from "Living Alone" to "Living with Others". When two individuals, living together

but not married to each other, are joined by a third person, however, their benefits remain the same; the two individuals are already classified as "Living with Others" since they already share a household, and the addition of a third person works no change in that classification. Plaintiffs contend that there is no difference in the additional expense occasioned by the third person, regardless of the original household arrangement.

Before addressing the merits of this contention, however, we must determine that this Court has subject matter jurisdiction over the action and that the claims presented are justiciable.

■ Plaintiffs allege jurisdiction over defendant Blum under 28 U.S.C. § 1343(3), which provides for jurisdiction over "any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law . . . of any right . . . secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens . . ..". Plaintiffs' claims against the State are that the New York SSI category of "Living with Others" is contrary to the Social Security Act and regulations promulgated thereunder and violates the Equal Protection Clause of the Fourteenth Amendment. The constitutional claim, if not "absolutely devoid of merit", "wholly insubstantial", or "obviously frivolous", is encompassed within this section. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Plaintiffs' statutory claim, however, is not: the Social Security Act is not an "Act of Congress providing for equal rights" and may not be treated as a constitutional claim by invoking the supremacy clause. *Chapman v. Houston Welfare Rights Org.*, —— U.S. ——, 99 S.Ct. 1905, 60 L.Ed.2d 508, (1979). Nevertheless, we may, if jurisdiction is found over the constitutional claims, hear plaintiffs' statutory claim as a matter of pendent jurisdiction. *Hagans v. Lavine, supra.*

■ Plaintiffs claim that the New York scheme impermissibly discriminates against

them on the basis of their marital status for reasons which are wholly irrational. Pl.Br. at 40. This claim meets the very lenient test of *Hagans*. We may therefore hear both the constitutional and statutory claims.

■ Plaintiffs base jurisdiction over the Secretary on a number of grounds: 28 U.S.C. § 1331, federal question jurisdiction; 28 U.S.C. § 1361, mandamus jurisdiction; and 42 U.S.C. § 1383(c), which incorporates the judicial review provision of 42 U.S.C. § 405(g).

It is, however, well established that where judicial review is available under 42 U.S.C. § 1383(c), that section is the exclusive basis of jurisdiction, and that if a plaintiff does not meet the jurisdictional requisites of that section he may not bring his claim under general federal question or mandamus jurisdiction. *Jones v. Califano*, 576 F.2d 12 (2d Cir. 1978); *Hamilton v. Califano*, 77–2157 (D.N.J., April 12, 1978).

■ Before a plaintiff can obtain judicial review under § 1383(c), he must first exhaust his administrative remedies. Plaintiff Gilchrist has satisfied this requirement. Plaintiffs Smith, however, have not.

Plaintiffs Smith are a married couple. In November, 1975, two minor grandchildren came to live with them, and they consequently were reclassified as "Living with Others". This decision was challenged by means of (1) a Request for Reconsideration, upon which Reconsideration the decision was upheld; and (2) a hearing before an Administrative Law Judge, as a result of which the original decision was again up-

held. The Smiths did not pursue further appeal to the Appeals Council.

■ Had the Smiths based their appeals upon the issue presented in this case—*i. e.*, the "double deduction" suffered by married couples who live with third persons [1]—we would deem them to have exhausted their administrative remedies despite their failure to bring a final appeal. That issue was adequately presented to the Secretary by plaintiff Gilchrist; the Administrative Law Judge stated in his decision that "the general issue to be determined is whether the claimants are to be considered individuals living alone in their own household or individuals living in a household with one or more others." (Tr. 6); after addressing that issue, the ALJ noted that plaintiffs also contended that "the catagory [sic] of 'eligible couple living with others' is in violation of the Equal Protection clause of the United States Constitution in that it unfairly discriminates against married couples in favor of unmarried individuals living together", but concluded that "this forum does not have the jurisdiction or authority to rule on such issues. Nevertheless, these arguments have been made a part of the record, thus preserving them for any appeal which may be instituted to the federal courts." (Tr. 7) The Appeals Council upheld the hearing decision without opinion.

■ Inasmuch as the ALJ determined with respect to the Gilchrists that he lacked jurisdiction to rule on their constitutional claim, we conclude that the same result would have obtained had the Smiths

---

1. Plaintiffs claim that they did present the "double deduction" issue to the Administrative Law Judge. There is, however, no documentation that such a claim was made or considered by that officer. Plaintiffs' brief submitted in connection with the hearing addressed only the issue of proper classification; similarly, the decision of the ALJ makes no reference to the "double deduction" issue. Plaintiffs' counsel has stated by affidavit that "[a]t the hearing, the issue of whether New York State Social Services Law 209(2)(b) conflicted with federal regulations, because there was no rational ba-

sis for the state supplement category, was clearly presented to the Secretary." The Smiths did contend in their memorandum that the "Living with Others" classification conflicted with 20 C.F.R. § 416.2030(b), but the basis of that argument was that the State lacked a rational basis for considering them to be living with others where the other persons "do not contribute to the household beyond their individual needs." We cannot agree that this contention enabled the Secretary to consider the argument raised here that plaintiffs suffer dis-

presented that claim.[2] We therefore would conclude that the Smiths' failure to present the constitutional claim is not fatal.

■ The Smiths, however, raised a quite different argument on their administrative appeal: that they were improperly classified as "Living with Others" because the others with whom they were living were their minor grandchildren. Their failure to obtain a final determination on that question does preclude judicial review, because an Appeals Council decision in their favor would have removed the Smiths from the category they challenge in this action.

■ It might be argued that the recent decision in *Termini v. Califano*, 464 F.Supp. 797 (W.D.N.Y.1979), establishes that the Secretary would, in any event, have ruled against the Smiths had they made a further appeal. Plaintiff in *Termini* was classified as "Living with Others" despite the fact that the others with whom he lived were his minor children. This classification was upheld through the administrative appeals process.

Even if we were to accept that argument, however, subsequent developments have rendered the Smiths' claim moot. The District Court in *Termini* held that the classification of plaintiff as "Living with Others" was "patently irrational" and therefore contrary to federal regulation, and enjoined the Social Security Administration from so classifying plaintiff. Counsel for the Secretary has informed this Court that, in light of that decision, the Secretary has determined that SSI recipients who are living with their own children or grandchildren are to be reclassified as "Living Alone". While it is not certain that the Smiths have been so re-classified as of this date, we deem their claim to be moot.

We turn next to the claim of plaintiff Gilchrist. Gilchrist makes no claim for prospective relief in this action, as between the

time of the Gilchrists' request for appeal to the Appeals Council and the institution of this action, Mr. Gilchrist died. Mrs. Gilchrist, however, claims retroactive benefits for the period prior to her husband's death, when they were classified as a married couple "Living with Others". That claim (as well as the claim of the Smiths for retroactive benefits) is opposed by the state defendant on the basis that the Eleventh Amendment precludes an award of retroactive benefits.

■ Absent a waiver by the state, the Eleventh Amendment is a bar to suit by a private party "seeking to impose a liability which must be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974). There is no question that any benefits ultimately awarded to plaintiffs would be paid by the State of New York. Plaintiffs, however, contend that the State has waived the protection of the Eleventh Amendment by virtue of its agreement to participate in the state-federal SSI program.

Federal regulations governing the administration of state supplementary benefits provide that

> [t]he regulations in effect for the [SSI] program shall be applicable in the Federal administration of State supplementary payments . . . .

20 C.F.R. § 416.20005(d). The regulations also provide that eligibility determinations are to be made by the Secretary and are governed by the provisions of "Subparts A through Q" of the SSI regulations; *Id.* § 416.2015(c); those subparts contemplate judicial review of final determinations of the Secretary. *Id.* § 416.1470. Thus, plaintiffs argue, the State has agreed to be bound by federal judicial review to the same extent as is the Secretary, and such review necessarily includes the power to award retroactive benefits. Secondly,

crimination as compared with unmarried persons sharing a household.

**2.** The Smiths' hearing preceded that of the Gilchrists by approximately eleven months. There is no indication in the record that the

position taken by the ALJ in the Gilchrist case would have been different at any earlier point, and we therefore do not deem the sequence of the appeals taken to be of significance.

plaintiffs contend that the courts of New York State lack jurisdiction to review the Secretary's determination of eligibility, and that in consequence, plaintiffs have no means of obtaining retroactive benefits if the State has not waived its Eleventh Amendment immunity. In sum, plaintiffs argue that Congress has

> created a method by which states could waive their Eleventh Amendment immunity in regard to state supplement issues in exchange for federal agency administration of the program, and federal court review of the program. . . . This federal judicial review would be a meaningless farce without waiver of Eleventh Amendment immunity; judicial review would be meaningless for SSI applicants and recipients if the reviewing court had no power to order money payments.

Pl.Rep.Br. at 7. Plaintiffs distinguish *Edelman* on the ground that the AFDC system involved in that case left an opportunity for administrative appeals and judicial review in the state courts; the unavailability of retroactive benefits by means of federal judicial review did not preclude claimants from ultimate recovery from the state. See *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). In this case, plaintiffs contend, "there is no state administrative or judicial review process available to plaintiffs", *id.* and therefore the state must have intended to waive its Eleventh Amendment immunity.

■ Plaintiffs are correct in stating that the courts of New York are closed to claimants challenging eligibility determinations of the Secretary, including determinations as to state supplementary benefits; such questions must be presented through the HEW appeals system. *Casey v. New York State Dept. of Social Services,* 56 A.D.2d 72, 391 N.Y.S.2d 173 (2d Dept. 1977). The state courts remain open to plaintiffs, however, where they challenge on its face a

state statute as in conflict with the Social Security Act and the federal Constitution. Plaintiffs are therefore not deprived of a forum for their claims. Even if there were no alternate forum, however, we fail to find in the SSI scheme a waiver of New York's Eleventh Amendment immunity. Such a waiver may be found "only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other construction' ", *Edelman v. Jordan, supra,* 415 U.S. at 673, 94 S.Ct. at 1361, quoting from *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 53 L.Ed. 742 (1909).

Neither plaintiff, therefore, may obtain any relief in this Court. Plaintiff Gilchrist's claim for prospective relief was moot at the time this action was instituted. Plaintiffs Smith's claim for prospective relief has subsequently become moot; in addition, the Smiths failed to exhaust their administrative remedies regarding their proper classification, and exhaustion is a precondition to this Court's jurisdiction over the Secretary. As to retroactive relief, the plaintiffs are barred by the Eleventh Amendment. We must therefore conclude that neither plaintiff presents a "case or controversy", and thus that neither may maintain this action.

■ Finally, we note that this action was filed as a class action. It has not, however, been certified. The parties apparently have agreed that the class action allegations have been "dropped".[3] We need not address the question of whether the named plaintiffs may simply, and without court approval or notice to the proposed class, "amend" their complaint to delete the class action allegations, because neither of the named plaintiffs was a proper party plaintiff at the time this action was filed. Consequently, the purported class action must also be dismissed.

---

**3.** There is no stipulation to that effect, but plaintiff states that

> [a]fter negotiation, in an attempt to simplify the litigation, counsel for all parties agreed that the plaintiffs would not seek class certification and that neither defendant would

seek to prevent the Court from reaching the merits by raising questions of mootness or standing.

It is fundamental, of course, that the parties may not waive questions of mootness or standing.

Plaintiffs' motion for summary judgment is denied. The motion for summary judgment of defendant Blum is granted. The Secretary's motion for judgment on the pleadings is also granted.

SO ORDERED.