Roberta GILCHRIST, for herself and as the representative of the Estate of James Gilchrist, Sr., Kenneth Smith and Selma Smith, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Patricia Roberts HARRIS, as Secretary of the Department of Health and Human Services, Barbara Blum, as Commissioner of the New York State Department of Social Services, Defendants.

No. 77 CIV 3732 (LBS).

United States District Court,
S. D. New York.

June 16, 1980.

See also, D.C. 493 F.Supp. 1102.

Lee A. Hoffman, Jr., New City, N. Y., Jane Greengold Stevens, Legal Services for the Elderly Poor, New York City, for plaintiffs.

John S. Martin, Jr., U. S. Atty. for the Southern District of New York, Gaines Gwathmey, III, Asst. U. S. Atty., Robert Abrams, Atty. Gen. of the State of New York, Frederick K. Mehlman, Asst. Atty. Gen., New York City, for defendants.

## OPINION

SAND, District Judge.

We deal once again with the plaintiffs, Kenneth and Selma Smith,[1] recipients of federal and state benefits under the Federal Supplemental Security Income ("SSI") program. Plaintiffs challenge a classification used by New York State in providing supplemental state benefits as violative of both the Social Security Act and its implementing regulations, 42 U.S.C. § 1382 *et seq.*, 20 C.F.R. § 416.2030,[2] and the Equal

---

1. For the prior opinion of this Court, *see Gilchrist v. Califano*, 473 F.Supp. 1102 (S.D.N.Y. 1979), familiarity with which is assumed. Plaintiff Gilchrist is no longer before this Court. *Gilchrist v. Califano, supra*, 473 F.Supp. at 1108.

2. 20 C.F.R. § 416.2030 provides in pertinent part:

"(a)(2) *Living arrangements.* In addition, a State may elect no more than five variations in recognition of the different needs which result from various living arrangements. Types of living arrangements for which variations may be allowed include arrangements such as:

(i) Living alone,
(ii) Living with an ineligible spouse,
(iii) Personal care facility,
(iv) Domiciliary or congregate care facility.
(b) *Relationship to actual cost differences.* Under the agreement, variations in State supplementary payment levels will be permitted

Protection Clause. Plaintiffs seek declaratory and injunctive relief barring the defendants' practice of reducing the state supplement to eligible couples who are classified as "Living with Others".

In our previous opinion, we held that the Smiths' claim for prospective relief was rendered moot by the decision of the District Court in *Termini v. Califano,* 464 F.Supp. 797 (W.D.N.Y.1979), and by the representation by the Secretary that, in light of *Termini,* SSI recipients such as the Smiths would be transferred from the classification "Living with Others" to that of "Living Alone".[3] *Gilchrist v. Califano,* 473 F.Supp. 1102, 1107 (S.D.N.Y.1979). We further held that the Smiths could not obtain relief from this Court because they had failed to exhaust their administrative remedies regarding their proper classification, a pre-condition to our jurisdiction over the Secretary of Health, Education and Welfare ("HEW"). *Id.*

Subsequent to the filing of our opinion, the Second Circuit in *Termini v. Califano,* 611 F.2d 367 (2d Cir. 1979) reversed the district court, with the consequence that the Smiths' claim for prospective relief is no longer moot. On April 15, 1980, this Court, on consent of the parties, ordered that so much of our prior opinion as related to the mootness of the Smiths' claim for prospective relief be withdrawn pursuant to F.R. Civ.P. 60(b)(5). We have since been advised that the Secretary of HEW has decided to waive the defense of exhaustion of remedies.[4] This Court can thus proceed to address the merits of the Smiths' claim for prospective relief.

As we noted in our prior opinion, federal jurisdiction in this case is founded under 28 U.S.C. § 1343(3).[5] *Id.* at 1105–1106. The facts are not in dispute. The Smiths and the state defendant have made cross-motions for summary judgment. Plaintiffs' motion is denied and defendant's motion is granted.

## I. BACKGROUND

The Supplemental Security Income program, see Pub.L.No. 92–603, codified at 42 U.S.C. §§ 1381–1383c, provides benefits to aged, blind and disabled individuals who have income and resources below certain statutory amounts. 42 U.S.C. § 1382. SSI establishes a national minimum benefit level for all eligible persons and allows the states to provide additional benefits through state supplements. *Id.* § 1382e. As this Court has noted:

".   .   . If a state chooses to provide such supplement, it may enter into an agreement with the Secretary of the Department of Health, Education and Welfare (HEW) whereby HEW administers the state's supplementary payment program. *Id.* As a condition of such administration, however, the state supplementation plan must conform to federal regulations. *Id.*

for each living arrangement the State elects. These differences must be based on rational distinctions between both the types of living arrangements and the costs of those arrangements."
20 C.F.R. § 416.2030.

**3.** Among their various prayers for relief, plaintiffs request that this Court not only enjoin the defendants from reducing twice the SSI benefits paid to eligible couples "Living with Others", but that we also direct the defendants to pay them full SSI benefits due to an eligible couple living alone. Plaintiffs' Brief at 43.

**4.** Letter to the Court from Gaines Gwathmey, III, Assistant United States Attorney, April 24, 1980. Pursuant to a Stipulation, the Secretary remains a party to this litigation "for the pur-

poses of effectuating any relief which may be granted to plaintiffs should they prevail with respect to their claims against the State of New York. Pursuant to Section 1616(d) of the Social Security Act, the Secretary can only make payments of state supplementation benefits as authorized by the State and subject to full reimbursement by the state for any such expenditures." Stipulation and Order, August 8, 1978, ¶ 2.

**5.** The vitality of the test set forth in *Hagans v. Levine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), utilized in our initial determination that this Court had jurisdiction over plaintiffs' constitutional and statutory claims (473 F.Supp. at 1105), was recently affirmed in *Riddick v. D'Elia,* 626 F.2d 1084 (2d Cir. 1980).

The regulations pertinent to state supplementary payments provide two categories of recipients—'Individuals' and 'Couples'—and allow each state to provide for up to five variations in payment level based upon the recipient's 'living arrangement'. The regulations also provide, however, that any such differences in payment levels 'must be based on rational distinctions between both the types of living arrangements and the costs of those arrangements.' 20 C.F.R. § 416.-2030(b).

New York State has entered into an Agreement with the Secretary of HEW pursuant to which HEW administers the State's supplemental SSI payments, and pursuant to such Agreement and the federal regulations, the State has elected to provide for five different payment levels based on living arrangements. Three of those categories are group living situations which are not relevant to this action. The other two are designated 'Living Alone' and 'Living with Others'. N.Y.Soc.Serv.L. § 209(3)(a), (b) (McKinney's 1976). 'Living Alone' is defined as 'living in a private household composed of one eligible individual or one eligible couple'; 'Living with Others' is defined in pertinent part as 'living in a private household composed of an eligible individual or couple and at least one other person'. Id." *Gilchrist v. Califano, supra,* 473 F.Supp. at 1105.

The Smiths are a married couple. In November, 1975, two minor grandchildren came to live with them, and they were consequently reclassified from "Living Alone" to "Living with Others", with a resultant reduction in per capita state benefits. Plaintiffs contend that the living arrangements, "Living with Others", as applied to married couples does not comply with the federal mandate that all variations in payment level be based upon "rational distinctions between both the types of living arrangements and the costs of those arrangements" or with the Equal Protection Clause. Plaintiffs here challenge the variation created only by the state scheme and do not challenge that differential arising from the federal program.[6] As will be discussed below, the basis of plaintiffs' argument is that an individual who is married suffers a per capita reduction in benefits since the benefits paid to a married couple are less than twice that paid to one living alone; when joined by another person in a household, a second per capita reduction in state SSI benefits takes place. However, when two unmarried persons are joined by a third person in their household, no reduction in per capita benefits results.

We hold that the payment category of "Eligible Couple Living with Others" as provided by the state statute, does not violate the federal regulation and consequently, we need not reach the merits of plaintiffs' constitutional argument.

## II. DISCUSSION

Under the scheme here in issue,[7] an eligible couple [8] "Living Alone" receives $75.94

---

6. The federal scheme provides $177.80 to an individual "Living Alone", and $266.70 to a couple "Living Alone". Similarly, the scheme provides $177.80 to an individual "Living with Others", and $266.70 to a couple "Living with Others". Affidavit in Opposition of John Hickey, Director, Bureau of Income Support, Exhibit "A" (SSI benefit levels effective July 1, 1977).

7. "To determine the amount of state supplementary benefits to provide in its state program, New York State decided to supplement the federal benefits in an amount sufficient to meet the need standards then prevailing in its program of Aid to the Aged, Blind and Disabled (Hereafter "AABD"), which program was to be replaced by the SSI program". Affidavit in Opposition of John Hickey, Director, Bureau of Income Support, ¶ 5. The AABD program recognized the principle that economies of scale are effectuated when household size increases. *Id.*, p. 3.

8. For the purposes of the SSI program, two individuals who are either legally married or hold themselves out to the community as husband and wife are treated as an "Eligible Couple", rather than as two individuals. 42 U.S.C. § 1382c(d). In the discussion which follows, reference to "married couples", "married", "marital" status and the like will refer to those individuals who are deemed to be "Eligible Couples" under 42 U.S.C. § 1382c(d). "Unmarried" individuals refer to persons who do not fall within the "Eligible Couple" definition.

in state supplemental benefits, while an individual "Living Alone" receives $60.85. Affidavit in Opposition of John Hickey, Director, Bureau of Income Support (hereinafter cited as "Hickey Affidavit"), Exhibit "A". In short, a married couple receives lower per capita state benefits than do two individuals living separately. This initial reduction suffered by a married couple by dint of their marital status is not challenged by plaintiffs. It can be justified by the "commonsense proposition" underlying *Termini* that "individuals living with others usually have reduced per capita costs because many of their expenses are shared". *Termini v. Califano, supra,* 611 F.2d at 370.

The state scheme further provides that when an individual "Living Alone" is joined by another, his per capita benefits drop from $60.85 to $8.18, because he is reclassified from the "Living Alone" category to "Living with Others". This reduction can again be justified by the principle of economies of scale—three people, rather than two, share the same kitchen and other joint household facilities.

■ When two individuals living together but not married to each other, are joined by a third person, their state supplement remains the same; the two individuals are already classified as "Living with Others" since they already share a household, and the addition of a third person works no change in that living arrangement classification. In other words, although the same economy of scale operates here, no classification exists which effects a reduction in the benefits received by each member of such a household. However, when an eligible couple is joined by a third person, reclassification from "Living Alone" to the different living arrangement of "Living with Others" results in a reduction of benefits from $75.94 to $26.94.

What plaintiffs challenge in this case is the reduction suffered by a married couple when it lives with a third or additional person; a reduction not suffered by two unmarried individuals when they live with a third or additional person. Plaintiffs contend that there is no difference in the additional expense occasioned by the third person, regardless of the original household marital arrangement. They argue that the state scheme is not rational because grants are reduced upon the arrival of a third person only if the first two are married. In challenging the payment category "Eligible Couple Living with Others" as contrary to federal regulation, plaintiffs assert that the New York scheme impermissibly discriminates against them on the basis of their marital status for reasons which are wholly irrational.

■ We are unpersuaded by plaintiffs' contentions. At the outset, we conclude that the differential in state benefits between "Eligible Couples Living Alone" and "Eligible Couples Living with Others" is rational under the economy of scale principle enunciated in *Termini*, and advanced by the state defendant herein, as well. Hickey Affidavit, ¶ 6. It is reasonable to structure a benefit schedule in accordance with the proposition that when a third person moves into a household, expenses are shared, economies of scale are realized, and per capita costs are reduced, thereby providing an appropriate occasion for a reduction in supplemental benefits. In short, this variation in the amount of state supplemental benefits based upon differences in actual costs is a rational and reasonable distinction which satisfies federal regulatory requirements. Thus, we do not accept plaintiffs' conclusion that there is no "commonsense proposition" that would justify the second reduction. *See* Plaintiffs' Supplemental Brief in Support of Motion to Modify the Judgment and for Summary Judgment at 3.

Were the issue before us posed solely in terms of the rationality of the reduction in benefits suffered by a married couple when joined by a third person, *Termini* would be entirely dispositive. Plaintiffs, however, also make a comparative argument, contending that the reduction suffered by a married couple when joined by a third person does not meet the federal regulatory rationality requirement because two unmarried persons in the same circumstances do not similarly suffer a further reduction.

■ The disparity of which plaintiffs complain arises from the failure of the state classification scheme to recognize the economies of scale and per capita reduction of costs which are realized when a third person joins two individuals who are already in the living arrangement classification "Living with Others". This disparity is a product of the constraints of federal regulations which permit a maximum number of five different living arrangements, thus preventing the application of the concept of economy of scale to all configurations within the "Living with Others" classification.[9] Because of these federal constraints, the state scheme could provide for only two living arrangements, "Living Alone" and "Living with Others".[10] As noted, we reject any contention that the reduction in per capita benefits sustained by a married couple joined by a third person is not a valid recognition of cost savings such persons realize. The fact that similar cost savings realized by others, i. e., two unmarried persons joined by a third household member do not occasion a parallel reduction in benefits, is not the result of discrimination or animus against married couples (cf. *U. S. Department of Agriculture v. Moreno,* 413 U.S. 528, 93 S.Ct. 2821, 37 L.Ed.2d 782 (1973)), nor does it render irrational the treatment accorded them. Rather, it results from the fact that the benefit categories are limited in number and do not reach all possible variations in household arrangements where savings are realized.

■ In sum, the imperfection which plaintiffs challenge herein is no more than a practical result of the reality that only one reduction may be made under the "Living with Others" classification, and that federal limitations, unchallenged by plaintiffs, do not permit such additional living arrangement classifications as "Living with Two Others". That imperfection, however, is not a fatal flaw because it is the sort of imprecision which arises from the "rough accommodations" and the "unscientific" categorization which the state must make in the complex area of social welfare legislation. *Termini v. Califano, supra,* 611 F.2d at 310, and cases cited therein. The fact that all distinctions within the "Living with Others" category are not made with "mathematical nicety", *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970), does not undermine the rationality of the reduction in benefits resulting from the application of the "Living with Others" category to eligible couples.[11]

In sum, we conclude that the payment category "Eligible Couple Living with Others" is not violative of 20 C.F.R. § 416.-2030(b). Defendant's motion for Summary Judgment is granted; plaintiffs' motion is denied.

SO ORDERED.

9. See note 2, *supra.* Plaintiffs do not challenge the validity of this limitation upon the permissible number of classifications which the state may utilize.

10. "The concept of economy of scale could not be used for all different household sizes in the SSI program because of the federal restriction to five variations according to living arrangements. New York State needed to use three of the five classifications (Levels I, II, and III) for congregate care because of the wide variations in their cost (see Exhibit 'A' which sets forth this wide variation). Thus, only two living classifications were available for persons who reside in the community. Therefore, New York State could not take into account the economy of scale which occurs when two individual SSI recipients move in with a third person or when a couple already living with a third person moves in with a fourth person. Nevertheless this federally required limitation in no way detracts from the validity of reducing the per capita benefits when a couple moves in with other persons." Hickey Affidavit, ¶ 1.

11. We note that when the classification scheme before us is scrutinized in terms of economic reality, it becomes clear that in actuality, the State defendant provides greater supplementation benefits ($26.94) to eligible couples classified as "Living with Others" than it provides to two eligible individuals classified as "Living with Others" ($16.36). Hickey Affidavit, ¶ 5. Hence, plaintiffs are in no position to complain that two individuals in the "Living with Others" category are treated with comparative advantage, or that the New York scheme irrationally discriminates against them because of their marital status.