Billie Jean HAMMOND, as Representative for William H. Ross and Richard R. Ross, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

Civ. A. No. 78–K–817.

United States District Court,
D. Colorado.

Aug. 31, 1979.

William E. Benjamin, Legal Aid Society of Metropolitan Denver, Inc., Denver, Colo., for plaintiff.

William C. Danks, Asst. U. S. Atty., Denver, Colo., for defendant.

## ORDER

KANE, District Judge.

This action arises under Section 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. § 1383(c)(3). Plaintiff, a resident of the district of Colorado, seeks a review of a final administrative decision terminating the Supplemental Security Income benefits of her sons William H. Ross and Richard R. Ross. No questions are raised concerning the court's jurisdiction.

Supplemental Security Income, at Title XVI of the Social Security Act, provides in relevant part for children's disability benefits based on need. See 42 U.S.C. § 1381 et seq. Plaintiff, as representative of her children, filed an application for benefits on January 20, 1974, for William H. Ross and Richard R. Ross. These children were found entitled to benefits and began receiving them in June 1975. Over two years later, in August 1977, the Social Security Administration determined that the children were no longer entitled to benefits, due to certain income of their stepfather, Sylvester Hammond, which, when deemed to those children, caused them to have income in excess of the amount allowed under the federal program. On September 2, 1977, plaintiff filed a request for reconsideration, which on September 9 was denied. Further consideration in the administrative process, first by an administrative law judge and then by the appeals council, also resulted in decisions finding William and Richard Ross no longer eligible for benefits. Subsequent to the appeals council decision, plaintiff filed this action for judicial review.

The issue presented is whether a regulation of defendant may properly impute the income of a stepparent to an otherwise eligible child, where that stepparent owes the child no legal obligation of support and there is no showing that that income is actually available for the child's needs. The applicable regulation is set out at 20 C.F.R. § 416.1185(b) as follows:

In the case of an individual who is a child (as defined in § 416.1050) and under age 21, such individual's income shall be deemed to include any income (as defined in § 416.1102(a)) of a parent of such individual (or the spouse of such a parent) who is living in the same household as such individual, whether or not such income is available to such individual. However, in the case of earned income (as defined in § 416.1102(b)) of the parent and spouse of such parent, such earned income will be reduced by $65 a month (or the amount of earned income if less than $65) for all expenses attributable to the earning of such income. In addition, such parent's and spouse of parent's income is reduced by $130 a month when there is one parent (or spouse of a parent) in the household or $195 a month when the parent and spouse of such parent both reside in the household and by an allocation of $65 a month for each ineligible child (as defined in § 416.1050) under age 21 of the parent or spouse of the parent residing in the household. However, any income of the ineligible child will be used to reduce his $65 allocation of income. The remaining income of the parent and spouse of such parent shall be deemed to be available to the eligible individual who is a child. Income deemed to the eligible child will be treated as unearned income.[1]

This regulation was promulgated in view of Section 1614(f)(2) of the Social Security Act, which provides as follows:

For purposes of determining eligibility for and the amount of benefits for any individual who is a child under age 21,

---

1. This regulation has been amended since the final administrative decision in this case, but in ways which do not affect that decision or the result here. See 20 C.F.R. § 416.1185(b) (1979).

such individual's income and resources shall be deemed to include any income and resources of a parent of such individual (or the spouse of such a parent) who is living in the same household as such individual, whether or not available to such individual, except to the extent determined by the Secretary to be inequitable under the circumstances.

42 U.S.C. § 1382c(f)(2). Plaintiff argues that the last clause of this provision requires a determination whether the income of a stepparent is actually available to a disabled child, and that defendant's practice is therefore contrary to law.[2]

As a starting point, I recognize an established line of cases which stand for the proposition that income of a legally non-responsible person must be actually available to a child welfare recipient in order for it to be counted against his eligibility or level of benefits. *See Van Lare v. Hurley,* 421 U.S. 338, 95 S.Ct. 1741, 44 L.Ed.2d 208 (1975); *Lewis v. Martin,* 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970); and *King v. Smith,* 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). As the Supreme Court summarized in the most recent of these cases: "In short, we [have] held that the Social Security Act precludes treating a person who is not a natural or adoptive parent as a breadwinner 'unless the bread is actually set on the table.'" *Van Lare v. Hurley, supra,* 421 U.S. at 346, 95 S.Ct. at 1747 (citations omitted).

Other cases, both in this circuit and elsewhere, have also held that income and resources must actually be available to a welfare recipient. *See, e. g., Green v. Barnes,* 485 F.2d 242 (10th Cir. 1973); *Vialpando v. Shea,* 475 F.2d 731 (10th Cir. 1973), *aff'd,* 416 U.S. 251, 94 S.Ct. 1746, 40 L.Ed.2d 120 (1974); and *Wilczynski v. Harder,* 323 F.Supp. 509 (D.Conn.1971). These cases involved another title of the Social Security

Act which provides for aid to families with dependent children, 42 U.S.C. § 601 *et seq.,* but this principle of actually available income has also been applied to other social security programs. *See, e. g., Termini v. Califano,* 464 F.Supp. 797 (W.D.N.Y.1979) (Supplemental Security Income); *Burns v. Vowell,* 424 F.Supp. 1135 (S.D.Tex.1976) (Medicaid); and *Franssen v. Juras,* 406 F.Supp. 1375 (D.Ore.1975) (Medicaid).

While it might be argued that these cases by themselves do not compel the result here, I must also look to the language of the statute itself. Section 1382c(f)(2) states that a child's income

shall be deemed to include any income . . . of a parent of such individual (or the spouse of such a parent) who is living in the same household as such [child], whether or not available to such [child], *except to the extent determined by the Secretary to be inequitable under the circumstances.*

42 U.S.C. § 1382c(f)(2) (emphasis added). The legislative history provides only small help. In the several references which do more than simply repeat the language of the section, the history indicates that it is the income of a "parent" that may count as income of the otherwise eligible child. *See* House Report No. 92–231, *reprinted in* [1972] U.S.Code Cong. & Admin.News, pp. 4989, 5013, 5134 and 5138. In construing the word "parent" in the above mentioned line of cases, the Supreme Court said that "the answer is quite clear: Congress must have meant by the term 'parent' an individual who owe[s] to the child a state-imposed legal duty of support." *King v. Smith, supra,* 392 U.S. at 329, 88 S.Ct. at 2139. There appears no reason to believe that "parent" means otherwise here.

More important is the plain meaning of the language itself. *Greyhound Corp. v. Mt. Hood Stages, Inc.,* 437 U.S. 322, 330–32,

---

**2.** While the Administrative Procedure Act is not an independent basis for jurisdiction, *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), it nevertheless provides standards for review of federal agency action. *See* 5 U.S.C. § 706(2), particularly subsections (A), (C) and (D).

No question is raised concerning the continuing disability of either William or Richard Ross. As discussed above, the termination of their benefits was based only on a determination of excess income.

98 S.Ct. 2370, 57 L.Ed.2d 239 (1978); *Burns v. Alcala,* 420 U.S. 575, 580–81, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975). In *Paluso v. Mathews,* 573 F.2d 4 (10th Cir. 1978), this circuit recently stated:

> We reject HEW's specialized definition of 'file,' relying on the well-known legal aphorism that words in a statute are to be given their ordinary, plain meaning unless there is a clear congressional intent to the contrary. *See, United States v. State of New Mexico,* 536 F.2d 1324 (10th Cir. 1976). 'File' is generally defined as meaning to enter on official record or to apply for, (American Heritage Dictionary of the English Language, Houghton-Mifflin Co., 1976, p. 490.) or, more simply, 'to submit papers.' *Talley v. Mathews,* 550 F.2d 911 (4th Cir. 1977). We note that HEW does not recognize the specialized definition it here urges in the interpretation of some of its other regulations.

*Id.* at 9. Unlike provisions which clearly indicate that defendant shall issue regulations, *see, e. g.,* 42 U.S.C. § 1382c(a)(3)(D) ("The Secretary shall by regulations prescribe the criteria . . ."), words like "determine," "inequitable" and "circumstances" imply a factual determination on an individual basis.[3] Such a reading is not in conflict with congressional purpose— where that purpose is made clear in the language itself, and is consistent with the social security principle that only actually available income be counted. Accordingly, I hold that defendant's practice of assuming the availability of income from one not legally obligated to provide a child with needed support is contrary to the statute, and therefore not in accordance with law. Further explication may not be necessary, but being excessively cautious, I feel compelled to emphasize that the congressional requirement that a secretary make a determination whether the application of a statute is inequitable under the circumstances of an individual case cannot be met by the perfunctory application of a set of regulations to a claim. At the very best a claimant is entitled to the opportunity to be heard. The determination is not which of a plethora of regulations might apply, but whether the equities presented obviate the application of the statute upon which the regulations depend.

I emphasize that the decision here does not otherwise affect the regulation at 20 C.F.R. § 416.1185(b) or challenge its validity. That is, that regulation may serve to determine that amount of income which will be deemed to a disabled child, unless that child, or his representative, makes an adequate showing that that amount is not in fact available. As the Supreme Court said in *Shea v. Vialpando,* 416 U.S. 251, 265, 94 S.Ct. 1746, 1756, 40 L.Ed.2d 120 (1974):

> It is, of course, not the adoption of a standardized work-expense allowance per se which we hold to be violative of § 402(a)(7) of the Act, but the fact that the standard used by Colorado is in effect a maximum or absolute limitation upon the recognition of such expenses. As the Court of Appeals correctly observed, a standard allowance would be permissible, and would substantially serve petitioners' interests in administrative efficiency, if it provided for individualized consideration of expenses in excess of the standard amount. See [*Vialpand v. Shea,*] 475 F.2d [731], at 735. [Citations omitted.] Such a standard allowance would comport fully with the statutory requirement that any reasonable work expenses be considered, and would allow individualized treatment where necessary. [Footnote omitted.]

It may often be the case that a claimant will not be able to show that another per-

---

**3.** The word "determine" has been defined as "to decide . . . To adjudicate on an issue presented." BLACK'S LAW DICTIONARY 536 (rev. 4th ed. 1968). "Circumstances" is defined in the same source as "attendant facts." *Id.* at 308. BLACK'S goes on to comment that "[t]he terms 'circumstance' and 'fact' are, in many applications, synonymous, but the true distinction of a circumstance is its relative character." *Id.* Finally, "equitable" is defined as "just, fair and right, *in consideration of the facts or circumstances of the individual case.*" *Id.* at 632 (emphasis added).

son's income is not in fact available to meet his needs, but Congress has indicated that he or she should nonetheless have an opportunity to do so. Accordingly,

IT IS ORDERED that the above-entitled matter be and hereby is remanded to the Secretary for a determination whether the income of Sylvester Hammond is in fact available to claimants William and Richard Ross, each party to bear his or her own costs.