611 F.2d 367
 Samuel TERMINI, Plaintiff-Appellee,
v.
Joseph CALIFANO, Secretary of the Department of Health,
Education and Welfare, and Barbara Blum, as Acting
Commissioner of the New York State
Department of Social Services,
Defendants-Appellants.
 No. 32, Docket 79-6068.
 United States Court of Appeals.
Second Circuit.
 Argued Sept. 14, 1979.
Decided Nov. 21, 1979.
 
 Mark H. Wattenberg, Olean, N. Y. (Southern Tier Legal Services, Olean, N. Y.), for plaintiff-appellee.
 Alan W. Rubenstein, Albany, N. Y. (Robert Abrams, Atty. Gen. of the State of New York, Clifford A. Royael, Albany, N. Y., on the brief), for defendants-appellants.
 Legal Services for the Elderly Project of Erie County and Western New York, Inc. (Keith A. Morgenheim, Buffalo, N. Y., on the brief), submitted a brief as amicus curiae.
 Before MULLIGAN, VAN GRAAFEILAND and MESKILL, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 Appellee Samuel Termini, an elderly man living with his two minor children, brought this lawsuit to challenge a determination of the Social Security Administration (SSA) classifying him under N.Y.Soc.Serv.Law § 209(3) as "living with others," rather than "living alone." The United States District Court for the Western District of New York reversed the SSA's determination, holding that the statutory classification as applied to Mr. Termini violated 20 C.F.R. § 416.2030(b).[1] The district court also ordered HEW to notify all local SSA offices in New York State of its decision. Defendant Blum has appealed. We reverse.
 
 
 2
 * THE SSI PROGRAM
 
 
 3
 The Supplemental Security Income program was added to the Social Security Act in 1972. See Pub.L.No.92-603, (codified at 42 U.S.C. §§ 1381-1383c). The program provides benefits to aged, blind, and disabled individuals who have income and resources below certain statutory amounts. 42 U.S.C. § 1382. The statute establishes two benefit levels, one for eligible individuals and one for eligible spouses. Id. § 1382(b). Benefits are reduced by the amount of the recipient's actual, nonexcludable income.
 
 
 4
 States are encouraged to provide supplementary assistance to recipients of federal SSI benefits. Id. § 1382e(a). These state supplements may be administered by either the State or the Federal Government. However, because the Federal Government bears the administrative costs if federal administration is elected, Id. § 1382e(b), virtually all state supplements are administered by the SSA. A State that chooses federal administration of its optional supplements must agree to abide by HEW regulations respecting eligibility for or amount of supplementary payments, Id. § 1382e(b)(2), one such regulation being 20 C.F.R. § 416.2030(a)(2).
 
 
 5
 On November 30, 1973, New York State entered into an agreement with HEW providing for federal administration of New York's optional supplementary benefits. The agreement established five benefit levels based on different living arrangements, including one payment level for recipients "living alone" and a lower level for recipients "living with others." N.Y.Soc.Serv.Law § 209(2). "Living alone" is defined as "living in a private household composed of one eligible individual or one eligible couple." Id. § 209(3)(a). "Living with others" is defined as follows:
 
 
 6
 "(b) 'Living with others' shall mean living in a private household composed of an eligible individual or couple and at least one other person; or, with respect to any child who is not the head of a household and who is under the age of eighteen, or under the age of twenty-two if attending school, any living arrangement." Id. § 209(3)(b).
 
 II
 FACTS
 
 7
 Mr. Termini, seventy-six years of age, resided in Cattaraugus County, New York, with his two minor children, aged fourteenth and sixteen. His income consisted of social security retirement benefits, a small civil service pension, and his SSI benefits. The SSI program provided him with monthly payments in an amount equal to the difference between his income from non-SSI sources and $205.98, the standard of need established by state law for those "living with others." See N.Y.Soc.Serv.Law § 209(2)(b). Mr. Termini's eligibility for SSI payments also entitled him to medicaid coverage, emergency assistance coverage, and the exclusion of his income when determining his children's eligibility for the Aid to Families with Dependent Children (AFDC) program. 42 U.S.C. §§ 602(a)(24), 1396a(10); N.Y.Soc.Serv.Law § 300. Appellee's children received a total of $105 per month in AFDC benefits, plus social security benefits of $50.20 per month.[2]
 
 
 8
 On July 1, 1977, Mr. Termini received a cost-of-living increase in his social security benefits that increased his monthly non-SSI income to $206.11. Because this income then exceeded by 13 cents the SSI standard of need for recipients "living with others," the SSA notified Mr. Termini that he was no longer eligible for SSI. As a result, the Termini family's income was reduced substantially. Although the cost-of-living increase more than offset the lost SSI cash payments, the household's AFDC grant fell to $10.20 per month because appellee's income was no longer excluded in calculating his children's eligibility for AFDC.
 
 
 9
 Mr. Termini appealed the SSA's determination through the administrative appeals process provided by statute, but without success. He then sought judicial review under 42 U.S.C. § 1383(c)(3) and moved for summary judgment.
 
 
 10
 Mr. Termini did not dispute that, during the relevant time period, his household satisfied the statutory definition of the "living with others" category. He argued, however, that the difference in benefit levels between those "living with others" and those "living alone" was not, at least in his case, based upon any rational distinction between the costs of the living arrangements, as required by 20 C.F.R. § 416.2030(b). Alternatively, he asserted that the statute embodies an unconstitutional "irrebuttable presumption" of reduced need on the part of those "living with others."
 
 
 11
 Although appellant conceded that Mr. Termini's living costs were not reduced by the presence of his two minor, dependent children, she contended that the challenged legislation was based upon a reasonable presumption of reduced individual need on the part of the entire class of people who are "living with others" within the meaning of the statute. Given this rational basis, appellant argued, the statutory classification must be upheld despite possible hardship in an individual case.
 
 
 12
 The district court rejected appellant's argument and granted Mr. Termini's motion, stating that "it is patently irrational to assume that the SSI recipient's per unit cost will be reduced when he shares his household with his minor, dependent children." The court did not reach the merits of appellee's constitutional claim.
 
 III
 DISCUSSION
 
 13
 The command of 20 C.F.R. § 416.2030(b) that differences in benefit levels be based on rational distinctions seems to call for application of the "rational basis" test traditionally applied in due process and equal protection cases in the area of social welfare legislation. See, e. g., Califano v. Aznavorian, 439 U.S. 170, 174-75, 99 S.Ct. 471, 58 L.Ed.2d 435 (1978); Califano v. Jobst, 434 U.S. 47, 52-54, 98 S.Ct. 95, 54 L.Ed.2d 228 (1977); Califano v. Goldfarb, 430 U.S. 199, 210, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977); Weinberger v. Salfi, 422 U.S. 749, 768-72, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); Ballard v. Rockville Center Housing Authority, 605 F.2d 1283, 1286-87 (2d Cir. 1979). The court below concluded that the category "living with others" did not pass this test when applied to appellee and to "a class of SSI recipients who have similar household compositions: aged, blind or disabled parents caring for minor children or grandchildren in their home." We disagree.
 
 
 14
 The Supreme Court described the application of the rational basis test in the social welfare area in Dandridge v. Williams, supra:
 
 
 15
 "In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78 (, 31 S.Ct. 337, 340, 55 L.Ed. 369). 'The problems of government are practical ones and may justify, if they do not require, rough accommodations illogical, it may be, and unscientific.' Metropolis Theatre Co. v. City of Chicago, 228 U.S. 61, 69-70 (, 33 S.Ct. 441, 443, 57 L.Ed. 730)." 397 U.S. at 485, 90 S.Ct. at 1161.
 
 
 16
 Under Dandridge and the many other cases applying this test, the statutory classification scheme must be upheld if it has a rational basis. In this case, the rational basis is supplied by the commonsense proposition that individuals living with others usually have reduced per capita costs because many of their expenses are shared. "In a multiperson household the per capita cost of many items, since they are shared, will be less." Padilla v. Wyman, 34 N.Y.2d 36, 40, 356 N.Y.S.2d 3, 5, 312 N.E.2d 149, 151, Appeal dismissed, 419 U.S. 1084, 95 S.Ct. 672, 42 L.Ed.2d 677 (1974).
 
 
 17
 It is unfortunate, but not dispositive, that the scheme has produced a harsh result in Mr. Termini's case. See Califano v. Jobst, supra, 434 U.S. at 53, 98 S.Ct. 95; Weinberger v. Salfi, supra, 422 U.S. at 781, 95 S.Ct. 2457; Dandridge v. Williams, supra, 397 U.S. at 485, 90 S.Ct. 1153. "Social welfare legislation, by its very nature, involves drawing lines among categories of people, lines that necessarily are sometimes arbitrary." Califano v. Aznavorian, supra, 439 U.S. at 174, 99 S.Ct. at 474. Because the statutory differential in benefits between those "living alone" and those "living with others" has a rational basis, it must be upheld.
 
 
 18
 Because appellee has failed to demonstrate that the statutory classifications at issue are not rationally related to a legitimate legislative objective, we find no merit in his argument that they denied him due process of law. See Weinberger v. Salfi, supra, 422 U.S. at 781-82, 95 S.Ct. 2457.
 
 
 19
 Reversed.
 
 
 
 [1]
 20 C.F.R. § 416.2030 provides, in pertinent part:
 § 416.2030 Optional supplementation:
 Variations in payments.
 (a) Payment level. The level of State supplementary payments may vary for each category the state elects to include in its Federally administered supplement. These categorical variations of payment levels must be specified in the agreement between the Secretary and the State.
 (2) Living arrangements. In addition, a State may elect no more than five variations in recognition of the different needs which result from various living arrangements. Types of living arrangements for which variations may be allowed include arrangements such as:
 (i) Living alone,
 (ii) Living with an ineligible spouse,
 (iii) Personal care facility,
 (iv) Domiciliary or congregate care facility.
 (b) Relationship to actual cost differences. Under the agreement, variations in State supplementary payment levels will be permitted for each living arrangement the State elects. These differences must be based on rational distinctions between both the types of living arrangements and the costs of those arrangements.
 
 
 [2]
 Since the institution of this lawsuit, Mr. Termini has changed his living circumstances several times. He now lives alone. Because of these changes, the district court ordered the parties to file briefs on the question of whether and to what extent the litigation is moot. The court concluded that the SSA's decision to terminate Mr. Termini's benefits as of July 1, 1977 was properly before the court. We agree. See 42 U.S.C. § 1383(c)(1), (c)(3)