**Billie Jean HAMMOND, as representative for William H. Ross and Richard R. Ross, Plaintiff-Appellee,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant-Appellant.**

No. 79–2123.

United States Court of Appeals, Tenth Circuit.

Argued Jan. 29, 1981.

Decided April 21, 1981.

William E. Benjamin, Commerce City, Colo., Atty., for plaintiff-appellee, Adams County Legal Services.

Bruce G. Forrest, Washington, D. C. (William Kanter, Linda Jan S. Pack, Attys., Dept. of Justice, Civil Division, Appellate Section, Washington, D. C., and Alice Daniel, Asst. Atty. Gen., Washington, D. C., and Joseph F. Dolan, U. S. Atty., Denver, Colo., with him on brief), for defendant-appellant.

Before SETH, Chief Judge, and McWILLIAMS and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

This case concerns the termination of benefits under the Supplemental Security Income (SSI) Program, which program is provided for by the Social Security Act. The Secretary of the Department of Health, Education and Welfare [1] terminated the benefits of William H. Ross and Richard R. Ross, minor sons of Billie Jean Hammond, on the ground that the two children no longer were eligible for benefits because their stepfather's income, which the Secretary deemed, under the applicable statute, was attributable to the children, was higher than allowed for SSI recipients.[2]

Mrs. Hammond, as the representative of her two minor sons, William and Richard, sought judicial review of the Secretary's termination order. The District Court, on review, remanded the case to the Secretary with the direction that he make a determination as to whether the income of the stepfather is, in fact, "available" to William and Richard Ross. Implicit in the remand order was the further direction that if the income of the stepfather is not "available" to William and Richard Ross, then the Secretary should hold that they are eligible for benefits and resume benefit payments. The District Court's order appears as *Hammond v. Secretary of Health, Education and Welfare*, 475 F.Supp. 675 (D.Colo.1979). The Secretary now appeals from that order.

This case turns on the meaning of a statute and an agency regulation implementing the statute. The regulation provides as follows:

In the case of an individual who is a child (as defined in § 416.1050) and under age 21, such child's income shall, subject to the succeeding sentences of this paragraph and to paragraph (c) of this section, be deemed to include (except as otherwise provided in this section), any income (as defined in § 416.1102(a)) of a parent of such individual (or the spouse of such a parent) who is not eligible for benefits under this part and is living in the same household as the child *whether or not such income is available to the child.* 20 C.F.R. § 416.1185(b) (1980) (emphasis added).

The statute involved reads as follows:

For purposes of determining eligibility for and the amount of benefits for any individual who is a child under age 21, such individual's income and resources shall be deemed to include any income and resources of a parent of such individual (or the spouse of such a parent) who is living in the same household as such individual, *whether or not available to such individual, except to the extent determined by the Secretary to be inequitable under the circumstances.* 42 U.S.C. § 1382c(f)(2) (1976) (emphasis added).

As above mentioned, this appeal concerns only the interpretation and meaning to be given a statute, and an agency regulation implementing that statute. The constitutionality of neither the statute nor the regulation is raised. Both the statute and the regulation clearly state that, in the case of a disabled individual under 21 years of age, the income of the child's parent, or the spouse of such a parent, who lives in the same household as the disabled child, is deemed to be income of the disabled child, regardless of whether such income is "available" to the disabled minor. As indicated, the mother of the disabled children, William and Richard Ross, has now married Sylvester Hammond, and the Ross children live in the same household as Mr. and Mrs. Hammond. Such being the case, under the ap-

---

1. The Department of Health, Education and Welfare (HEW) is now the Department of Health and Human Services (HHS).

2. The SSI program provides benefits for disabled, elderly, and blind individuals who have income and other resources below certain levels. In addition, the states are encouraged to provide supplemental aid, with the federal government absorbing state administrative costs under a plan allowing states to distribute assistance through the federal government.

The two boys who challenge the termination of their benefits in this case were eligible for assistance under 1972 amendments to the Social Security Act. These amendments provided for the first time that disabled minors could qualify for aid under the SSI program, which is administered by HHS.

plicable statute and regulation, the Secretary determined that Mr. Hammond's income was deemed to be income of the Ross children, whether or not the income was, in fact, "available" to them.

In this Court, counsel for the Ross children concedes that but for the last clause of section 1382c(f)(2), he would have no case. As has been indicated, section 1382c(f)(2) provides, in essence, that income of a disabled child is deemed to include the income of a parent, or stepparent who lives in the same household as the disabled child, whether or not such income is available to the child, "except to the extent determined by the Secretary to be inequitable under the circumstances." Counsel argues that the statutory language just quoted requires that in each case the Secretary must make a factual determination of whether the income of the parent, or stepparent, is actually available to the disabled child before such income can be deemed income of the child. The District Court obviously agreed with counsel, since the case was remanded to the Secretary with direction to ascertain whether the stepfather's income was in fact available to the Ross children. And the further thrust of the remand is that, if such income is not available,[3] then it will not be chargeable to the Ross children. We do not agree with this interpretation.

As mentioned above, the statute clearly states that income of a disabled child is deemed to include income of a parent, or stepparent, who lives in the same household as the disabled child, regardless of whether the income of the parent, or stepparent, is actually available to the disabled child. To interpret the statutory language "except to the extent determined by the Secretary to be inequitable under the circumstances" as meaning that income of a stepparent is chargeable to the disabled child *only* if such income is actually available to the stepchild would render meaningless the prior statutory language that such income is deemed income of the child "whether or not available to such individual." The "except" language in the statute undoubtedly has a meaning of its own, but it cannot be read to excise from the statute the prior clause providing that income of the parent, or stepparent, is chargeable to the child "whether or not available." To interpret the statute in the manner suggested by counsel would require this Court to give a meaning to statutory language that is at least somewhat nebulous in nature which would totally negate other statutory language which is crystal clear in its meaning. This we decline to do.

It should be noted that not *all* income of the parent or stepparent is necessarily attributed to the child. In our view, the Secretary, by regulation, has given practical effect to the "excepting" language in the statute by excluding certain items in determining the income of the parent or stepparent.[4]

**3.** The court below relied, in large part, on a line of cases dealing with the Aid to Families With Dependent Children (AFDC) program, which also is administered by HHS. The District Court applied the "actually available" rule, holding that the AFDC cases "stand for the proposition that income of a legally non-responsible person must be actually available to a child welfare recipient in order for it to be counted against his eligibility or level of benefits." 475 F.Supp. at 677 (citing *Van Lare v. Hurley*, 421 U.S. 338, 95 S.Ct. 1741, 44 L.Ed.2d 208 (1975); *Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970), and *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968)). All three of the cited cases, however, involved state schemes for administering AFDC benefits which conflicted with the provisions of the Social Security Act setting up the federally funded AFDC program. For a sum-

mary of the holdings in the three cases, see *Van Lare*, 421 U.S. at 344–48, 95 S.Ct. at 1746–48.

In the case at bar, unlike the AFDC cases, there is no conflict between federal and state laws, since only the federal scheme for administering benefits is challenged. Furthermore, the holding of the AFDC cases cannot be construed to be so broad as to require that an "actually available" rule be applied to every federal welfare benefits program.

**4.** The formula which the agency uses to determine the portion of the parent's and stepparent's incomes that are attributed to the child for the purposes of determining both eligibility and the amount of benefits involves four steps, set out in the paragraphs that follow.

(1) The income(s) of any parent and any stepparent living in the same household with the disabled child is the starting point.

A case quite similar to the present one is *Kollett v. Harris*, 619 F.2d 134 (1st Cir. 1980), which was announced subsequent to the District Court's judgment in the instant case. In *Kollett*, the First Circuit upheld the constitutionality of section 1382c(f)(2) [5] and the implementing regulation, and, in effect, construed the statute in the same manner as have we. In so doing, the First Circuit specifically disagreed with the holding of the trial court in the instant case, making the following comment:

> We disagree with *Hammond v. Secretary of HEW*, 475 F.Supp. 675 (D.Colo. 1979), which read the statutory words "determine," "inequitable," and "circumstances" to "imply a factual determination on an individual basis" not satisfied "by the perfunctory application of a set of regulations to a claim." *Id.*, 678. Accordingly, the court ordered that the plaintiff, a stepchild, be given an opportunity to demonstrate his stepfather did not contribute to his support. Individualized hearing would require that the very problem Congress sought to avoid—proving whether a stepparent living in the same household actually contributed to the child's support—be confronted. Individualized determinations are not a constitutional requisite when, as here, "Congress can rationally conclude not only that generalized rules are appropriate to its purposes and concerns, but also that the difficulties of individual determinations outweigh the marginal increments in the precise effectuation of congressional concern which they might be expected to produce." *Weinberger v. Salfi*, 422 U.S. 749, 785, 95 S.Ct. 2457, 2476, 45 L.Ed.2d 522 (1975).

619 F.2d at 139 n. 4.

The First Circuit in *Kollett* also made the following comment which has present pertinency:

> We have already concluded that neither the statute nor the deeming regulation is unconstitutional insofar as the income of a parent or stepparent living in the same household as a disabled child is deemed to that child, thus reducing or eliminating the child's benefits, even though the income may not in some cases be actually available to the child.... Especially in light of this, the Secretary's construction of 42 U.S.C. § 1382c(f)(2) cannot be held erroneous. The Secretary declined to create a blanket exclusion from deeming for all income that might be unavailable income; instead, the Secretary singled out certain types of fairly clear unavailability

(2) Certain items are subtracted as exclusions under 40 C.F.R. § 416.1185(d) (1980). These include other welfare assistance, scholarships, the value of food stamps, and any income used to comply with the terms of court-ordered support for other persons, such as children by a former marriage.

(3) A living allocation is subtracted for each child living in the same household and not eligible for SSI benefits.

(4) An allocation is deducted for living and work expenses of the parent and stepparent living in the same household with the disabled child. The amount of this allocation depends, in part, on whether the income of the parent is "earned" or "unearned," as defined by the agency's regulations. The purpose of the allowance apparently is to encourage welfare benefits recipients to work.

**5.** Unlike the situation here, *Kollett* and other cases involving federal welfare benefits have involved, in addition to issues of statutory interpretation, constitutional challenges to the schemes for distributing benefits. For the most part, courts have been reluctant to find that methods of administering welfare benefits programs are unconstitutional. One such case which was relied upon by the lower court in the present case was a District Court decision which subsequently was reversed on the constitutional grounds by the Second Circuit. *Termini v. Califano*, 611 F.2d 367 (2d Cir.), *reversing* 464 F.Supp. 797 (W.D.N.Y.1979). In *Termini*, the District Court held that it was irrational for the government to provide two levels of SSI benefits, one for individuals living alone and another for those living with others. 611 F.2d at 369. In reversing the District Court, the Circuit applied the rational basis test, 611 F.2d at 639, holding that "the rational basis is supplied by the commonsense proposition that individuals living with others usually have reduced per capita costs because many of their expenses are shared." 611 F.2d at 370.

*See also Weinberger v. Salfi*, 422 U.S. 749, 777–85, 95 S.Ct. 2457, 2472–76, 45 L.Ed.2d 522 (1975) and *Flemming v. Nestor*, 363 U.S. 603, 611, 80 S.Ct. 1367, 1372, 4 L.Ed.2d 1435, *rehearing denied*, 364 U.S. 854, 81 S.Ct. 29, 5 L.Ed.2d 77 (1960).

for exceptions (*e. g.*, income needed to meet the minimum living expenses of parents and siblings), but not others (*e. g.*, income legally—but not, necessarily, in fact—unavailable to the child because the stepparent has no legal duty of support). Rejection of the blanket approach is consistent with the statutory language. The phrasing of 42 U.S.C. § 1382c(f)(2) indicates that Congress anticipated the eventuality that the income and resources of a parent or stepparent might not, for one reason or another, actually be available to the disabled child, but provided, nonetheless, that deeming occur despite unavailability "except to the extent determined by the Secretary to be inequitable under the circumstances." The statutory language indicates that whether or not parental or stepparental income was available to the child, its exclusion was to be the exception, not the rule, and was to be justified, if at all, only by the Secretary's affirmative determination of inequity. 619 F.2d at 141.

Judgment reversed and case remanded with direction to the trial court to affirm the Secretary's decision and to dismiss the complaint and action.