Marie Tipton FAIDLEY,
Plaintiff-Appellant,

v.

Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 80–1296.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 15, 1981.

Decided Aug. 5, 1981.

Before DOYLE and McKAY, Circuit Judges, and O'CONNOR,* District Judge.

McKAY, Circuit Judge.

When the Secretary of Health, Education, and Welfare (now Health and Human Services) determines the eligibility for benefits under the Supplemental Security Income (SSI) Program of an individual married to a person not eligible for SSI benefits, 42 U.S.C. § 1382c(f)(1) requires the Secretary to deem that individual's income and resources to include any income and resources of the ineligible spouse, "except to the extent determined by the Secretary to be inequitable under the circumstances." Prior to February 1978, appellant was an unmarried person who had been receiving approximately $178 per month in SSI benefits as a disabled person. In February 1978, she reported to the Social Security Administration, which administers the SSI program under the direction of the Secretary, that she had married an ineligible person whose sole income was approximately $295 per month from retirement benefits under Title II of the Social Security Act. Because her spouse's includable income was $5.80 above the amount allowed by the Secretary's regulations, appellant was terminated from all benefits in June 1978. After exhausting her administrative remedies, appellant brought an action for judicial review of the Secretary's decision in the district court. The court affirmed the Secretary's termination of appellant's benefits.

Appellant argues that the Secretary has breached her statutory duty to determine whether, "under [appellant's] circumstances," deeming appellant's income to include so much of her ineligible husband's income as disqualifies her from SSI benefits is "inequitable." We find, however, that appellant has not shown that the Secretary has violated any statutory duty. Section 1382c(f)(1) does impose on the Secretary a duty to determine under what circumstances deeming ineligible spouse income to be eligible spouse income is inequitable. Ac-

William E. Benjamin, Adams County Legal Services, Commerce City, Colo., for plaintiff-appellant.

Beverly R. Buck, Asst. U. S. Atty., D. Colorado, Denver, Colo. (Joseph Dolan, U. S. Atty., and Roland J. Brumbaugh, Asst. U. S. Atty., Denver, Colo., on brief), for defendant-appellee.

* Of the United States District Court for the District of Kansas, sitting by designation.

cordingly, the Secretary has promulgated regulations providing for numerous exclusions from the generally applicable deeming requirement of § 1382c(f)(1), such as exclusions of amounts used (1) to support ineligible children living in the same household, (2) to fulfill an approved plan for achieving self-support, or (3) to comply with the terms of court-ordered support. 20 C.F.R. § 416.-1185. Appellant concedes in her brief that in determining whether appellant was entitled to receive SSI benefits after her marriage, the Secretary included in her calculation an exclusion for unearned income of $20.00. Appellant's Brief at 5–6. Appellant's argument is that the Secretary must be required to consider the particular equities of appellant's circumstances and to determine whether those equities entitle appellant to some further exclusion from the deeming provision beyond the generalized exclusions of § 416.1185. We hold, however, that the Secretary acted within her discretion in choosing not to engage in case-by-case adjudications of inequitable circumstances and not to include among the regulatory exclusions each and every equitable particular of persons in precisely appellant's position.

 We have previously held that the language "except to the extent determined by the Secretary to be inequitable under the circumstances" does not require the Secretary to engage in case-by-case determinations. *Hammond v. Secretary of Health, Education and Welfare*, 646 F.2d 455 (10th Cir. 1981) (construing this clause in § 1382c(f)(2), in which the language is identical to that in the equities clause of § 1382c(f)(1)). As we indicated in *Hammond*, we also follow the First Circuit's ruling that in defining the equitable exceptions, the Secretary need not expressly rule on every conceivable or rational category or circumstance, but may rely upon generalized rules that fall within the scope of his discretion to effectuate lawful congressional purposes. *See Kollett v. Harris*, 619 F.2d 134 (1st Cir. 1980). In this case, the Secretary has set forth detailed regulations which are rationally related to the purposes and concerns of Congress in enacting

§ 1382c(f)(1), and which, as Congress intended, avoid those difficulties of individual determinations that outweigh the marginal increments in the precise effectuation of congressional concerns which they might be expected to produce. *See generally Weinberger v. Salfi*, 422 U.S. 749, 785, 95 S.Ct. 2457, 2476, 45 L.Ed.2d 522 (1975).

The Secretary's decision not to make an additional exception for those whose circumstances are like appellant's, therefore, is not an abuse of the Secretary's broad discretion. Even though appellant's circumstances are very appealing to the equitable conscience, we could find that the Secretary has abused her discretion under these circumstances only by requiring her to make case-by-case adjudications in every § 1382c(f)(1) case or to define the exclusionary categories narrowly enough to amount to essentially the same thing. We have already declined in the *Hammond* case to impose such requirements.

AFFIRMED.