Plaintiff, Barbara Blandina, appeals the decision of the defendant, Lorraine M. Aronson, Commissioner of the Department of Income Maintenance (DIM), reducing the plaintiff's Aid to the Disabled (AD) award. The Attorney General's Office is also named as a defendant. The appeal is brought pursuant to 17-26 and 4-183 of the General Statutes. This court finds in favor of the defendant Commissioner.
The following facts are undisputed or reflected in the record. Plaintiff is a recipient of Supplemental Security Income for the Aged, Blind, and Disabled (SSI) from the federal government; under Title XVI of the Social Security Act. She also receives an AD award from the State of Connecticut pursuant to its aid to the aged, blind and disabled program (AABD). See General Statutes 17-109. Pursuant to the AABD program, Connecticut provides optional state supplementation to SSI recipients. The AABD program is administered by DIM in accordance with regulations published in DIM's Uniform Policy Manual (UPM).
In September 1989, plaintiff submitted a W-IE Food Stamp Recertification indicating that her son, who was almost nine years of age, had begun living with her. Plaintiff's son, Damien, was also receiving SSI payments and had returned to plaintiff's home from a Department of Children and Youth Services placement. Applying its regulations, DIM reduced plaintiff's AD award from Level 1 Housing to Level 2 Housing on grounds that her "needs changed when she began sharing her living arrangements with her son."
The applicable regulation, UP-M 4520.15C, provides that a person is entitled only to Level 2 Housing assistance if he or she "shares" a bedroom, bathroom or kitchen. Conversely, the regulation provides that a person is eligible for Level 1 Housing only if he or she is "not sharing his or her bedroom, bathroom or kitchen with another individual." (Emphasis added.)
The plaintiff advances two arguments as the bases of her appeal. First, she claims that she is "not sharing . . . her bedroom, bathroom or kitchen with another individual" within the meaning of the regulation. She points out that her nine-year-old son is her dependent, and she argues that it is illogical and unreasonable to reduce her public assistance because of the addition of a dependent to her household. In essence, she argues that the Commissioner was wrong in interpreting the word "individual" so as to CT Page 5655 include those persons who are dependent on the public assistance claimant. Secondly, she claims that the Commissioner's interpretation of the regulation violates the equal protection provisions of the federal and state constitutions. In this regard, she argues that the Commissioner's interpretation, in effect, discriminates against those disabled recipients of assistance who are parents of dependent children while providing greater benefits to disabled persons who do not have children.
The DIM policy manual is the equivalent of a state regulation and, as such, carries the force of law. General Statutes 17-3f(c); Richards v. Commissioner of Income Maintenance, 214 Conn. 601
(1990). "Judicial review of conclusions of law reached administratively is . . . limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." CLP v. DPUC, 219 Conn. 51, 57-58 (1991). Similarly "it is the court's practice to accord great deference to the construction given a statute by the agency charged with its construction . . . This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations." Griffin Hospital v. Commission on Hospitals Health Care,200 Conn. 489 (1986). Another cardinal rule of interpretation is that where the language of a statute or regulation is clear and unambiguous, its meaning is not subject to modification. Cilley v. Lamphere,206 Conn. 6, 9 (1988).
In her brief, the plaintiff concedes that there are no Connecticut cases which support her arguments. On the other hand, in Termini v. Califano, 611 F.2d 367 (2d Cir. 1979), a case cited by the defendant Commissioner and which is directly in point, the court held that the rational basis for the regulatory scheme is "that individuals living with others usually have reduced per capita costs because many of their expenses are shared." In that case, as in the present case, the plaintiff's award was reduced because of the addition of dependent children to his household. Nevertheless, the court rejected the same arguments as are made by the plaintiff in this case, observing that "[i]t is unfortunate, but not dispositive, that the scheme has produced a harsh result in Mr. Termini's case". Id., 370.
Both counsel in this case submitted excellent briefs and oral argument. However, the regulatory provisions are clear and unambiguous, and the law compels the court's decision in favor of the defendant Commissioner.
The appeal is dismissed. CT Page 5656