DECISION
Before this Court is the appeal of Pericles Skaliotis from a decision of the Department of Human Services, which found him to be ineligible to receive benefits as a Qualified Medicare Beneficiary or a Special Low-Income Medicare Beneficiary. Jurisdiction is pursuant to G.L. 1956 (1993 Reenactment) §42-35-15.
Facts/Travel
Pericles Skaliotis (plaintiff) is a Medicare beneficiary with monthly income of $751. He is married to Phyllis Skaliotis who is younger than 65 and is not blind or otherwise disabled. Phyllis has no income of her own. In June 1994, plaintiff initially applied to the Department of Human Services (DHS) for benefit, and was found eligible as a Qualified Medicare Beneficiary (QMB) through November, 1994. In November, he applied for recertification of his QMB eligibility. DHS sent written notice denying QMB eligibility as his monthly income exceeded DHS's income standard for an individual.
Plaintiff appealed the denial of benefits and a hearing was held on February 2, 1995, and reconvened on March 24, 1995. At the hearing, plaintiff questioned the DHS policy of comparing a married QMB applicant's income to the QMB income standard for an individual.
The DHS hearing officer issued a written decision on April 10, 1995, which upheld the denial of QMB eligibility.
Standard of Review
The review of a decision of the agency by this Court is controlled by R.I.G.L. § 42-35-15(g), which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept.of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458.
Qualified Medicare Beneficiary (QMB) and SpecialLow-Income Medicare Beneficiary (SLMB)Programs
The QMB program provides for the payment of Medicare premiums, deductibles, and co-insurance amounts for certain low-income persons. The term "qualified medicare beneficiary" means an individual whose income does not exceed an income level established by the State. 42 U.S.C. § 1396d(p)(1)(B). While they do not receive full Medicare coverage, QMB recipients are not required to pay the monthly Medicare Part B premium, the annual Medicare Part B deductible, the Medicare Part A hospital deductible, or the Medicare Part B 20% co-payment for such items as physicians visits, lab tests and other out-patient care. SLMB recipients are not required to pay the monthly Medicare Part B premium. 42 U.S.C. § 1396d(p).
The QMB/SLMB statute establishes that the same income determination methodology used to determine SSI eligibility shall be utilized in making QMB/SLMB eligibility determinations. Income standards used for SSI, the maximum monthly income an applicant may receive and still be eligible for benefits, are to be used as
Using the income determination methodology of the Supplemental Security Income Program, DHS must first determine the applicant's countable income. DHS must then measure that income against the applicable standard. "The income level established under paragraph (1)(B) shall be at least the percent provided under subparagraph (B) (but not more than 100 percent) of the official poverty line . . . applicable to a family of the size involved." 42 U.S.C. § 1396d(p)(2)(A). Paragraph B allows that the family income standard for the QMB program is 100 percent of the official poverty line, and the family income standard for the SLMB program is 120 percent.42 U.S.C. § 1396d(p)(2)(B)(iii).
Under the authority of Title XIX of the Social Security Act and R.I. General Laws Chapter 40, the state is empowered to create rules and regulations with regard to these programs.42 U.S.C. § 1396 et seq.; R.I. Gen. Laws § 40-8-3. In establishing the eligibility guidelines via these rules, however, the state is obligated to follow the methodology of the SSI program. Also under the federal mandate, state eligibility standards must be reasonable. Only resources and income available to the applicant may be considered. § 1396a(a)(17)(B) and (C).
Methodology and Standard for Determining Eligibility
There are different types of income, earned and unearned, and rules for counting each. See, 20 C.F.R. §§ 416.1110-416.112 and 416.1120-416.1124. In addition to accounting for the applicant's income, SSI rules provide that some income from other family members which is available to the applicant, is "deemed" income to the applicant, in making the eligibility determination.See, 20 C.F.R. §§ 416.1160 and 416.1161 (C).
The DHS Policy Manual sets out the procedure whereby this state applies the methodologies required under SSI and state and federal statutes. First, the income of the applicant is always taken into account in the methodology of eligibility determination. Section 0366.10.05 discusses the deeming of a spouse's income as available to the applicant under certain circumstances. After a determination of the non-applicant spouse's income, a twenty dollar "unearned income disregard" is to be subtracted from the monthly income. An allocation is next made for each ineligible child living in the household. The resulting figure is the total income deemed available to the QMB/SLMB applicant.
The income of a non-applicant spouse is always taken into account in the initial calculation but is only considered to be "available" to the applicant when the non-applicant's monthly income exceeds $229. This figure represents the difference between the Federal Benefit Rate (FBR) for an individual and the FBR for a couple. When the non-applicant spouse has income less than $229, or even no income, no additional funds are deemed available to the applicant. The applicant's income and eligibility are then assessed according to categorical standards also set out in the manual.
The Policy Manual sets out the standard for eligibility in two categories: for an Individual, $613.34/month; or for a Couple, $820.00/month.[1] In the first category, where the non-applicant spouse has no income, or where his or her income is less than $229.01 and therefore not deemed available, the applicant is assessed against the standard for an individual. The second category requires that where the non-applicant's income is at least $229.01, those funds are deemed available to the applicant and added to the income total. Eligibility is then determined according to the standard for a couple.
In the instant matter, the plaintiff was assessed pursuant to the following income analysis: the plaintiff's monthly income of $751, less the $20 income disregard, was added to the ineligible spouse's income, in this case, nothing. Plaintiff's total monthly income of $731 was compared to the federal poverty level for an individual, $613, as is the maximum allowed monthly income for benefit eligibility. The plaintiff was determined to be ineligible by reason of his income exceeding the allowance.
Plaintiff maintains that the DHS policy of accounting for income of a non-applicant spouse and subsequently assessing the applicant against the individual standard is inconsistent with federal guidelines and therefore invalid.
The Plain Language of the Statute
The plain language of section 307 II of the DHS rules defines who can be a QMB:
 "A Qualified Medicare Beneficiary is an individual or member of a couple:
 — who is currently enrolled in Medicare Part A benefits (or currently able to enroll), and
 — who receives income in an amount not greater than one hundred percent of the Federal Poverty Guidelines. (See Sec. 301, Appendix A for current QMB income limits for an individual or a couple.)"
Additionally, § 307III defines the requirements for SLMB eligibility in similar terms:
 "A Specified Low-Income Medicare Beneficiary is an individual or member of a couple who meets all of the eligibility requirements for QMB status except for having income in excess of the QMB income limit, but not exceeding the SLMB limits.
 Hence, for SLMB eligibility, the individual or member of a couple
 — Is currently enrolled in Medicare Part A benefits (or currently able to enroll), and
 — Has resources within the Medically Needy resource limit, and
 — Receives income in an amount greater than the QMB limits, . . . but not greater than the SLMB limits . . . . (See Sec. 301, Appendix A for current SLMB income limits for an individual or a couple.)"
The plaintiff contends that his eligibility should be determined according to the methodologies and standards for an eligible couple. Relying on a recent Maine case, the plaintiff asserts that the First Circuit has made such a determination, that the eligibility of a married qualified medicare beneficiary is properly determined by taking the combined income of the married couple and measuring it against the federal poverty line for a family of two, rather than treating each spouse individually. Estate of Kaw v. Commissioner. Maine Department ofHuman Services, 951 F.2d 444 (1st Cir. 1991).
In Kaw, the plaintiff represented a class of couples who were determined to be "eligible couples" and assessed for eligibility under those income guidelines. Id. The plaintiffs challenged the guidelines as ambiguous, asserting that they would have benefited from an "individual" categorization because their combined income exceeded the official poverty line for a married couple but was less than twice the poverty level for an individual. Id. at 445. Despite the Kaw plaintiffs' assertion to the contrary, the court found no ambiguity in the income guidelines set out in the Medicare scheme. Id.
The Kaw decision, which found the plaintiffs to be "eligible couples," is not directly on point with the case at bar. In Kaw,
the Court does not indicate whether each member of each couple was an applicant for federal benefits or whether only one member of each couple was applying, as is the case in the instant matter. Furthermore, the decision does not reveal whether there were any non-applicant spouses and if there were, whether any such non-applicant spouse actually had income to "deem" available to the applicant.
Deeming Income Available
The deeming provisions of the statute provide that the income of a spouse is to be "deemed" income to the applicant whether or not it is available and except to the extent determined by the Secretary to be inequitable under the circumstances.42 U.S.C. § 1382e(f)(1). The Secretary has promulgated numerous regulations on what income may be deemed to whom and when. Deeming is authorized for income determinations under Medicaid at42 U.S.C. § 1396a(a) and for Aid to Families With Dependent Children, 42 U.S.C. § 602.
These regulations may work a harsh result and may seem unfair where the deemed income is simply not available in any sense to the claimant. However, the Supreme Court has found that the deeming of spousal income is not anithetical to the general statutory requirement that Medicaid eligibility be based solely on resources available to the applicant, as available resources are distinguished from those "in hand." Schweiker v. GrayPanthers, 453 U.S. 34, 46, 101 S.Ct. 2633, 2642, 69 L.Ed.2d 460, 472 (1981). In Schweiker, the Supreme Court found that the deeming of an institutionalized spouse's income that was not actually available to the spouse remaining at home did not invalidate the Medicare deeming, as Congress, with respect to the Medicaid program, had authorized states to presume spousal support. Id., 453 U.S. 444, 103 S.Ct. at 2640, 69 L.Ed. at 470 (citations omitted.) The First Circuit, in a case involving stepparent income which whether or not actually available to the child was deemed available, found that several rational objectives were furthered by such deeming regulations. Kollett v.Harris, 619 F.2d 134 (1st Cir. 1980).
The regulations do not require a case-by-case determination as to whether a particular instance of deeming is inequitable. It is well-settled that "the Secretary has a `deliberate grant of broad discretion . . .' to determine when circumstances are inequitable.'" Driggins by Driggins v. Heckler, 788 F.2d 494, 497 (8th Cir. 1986). When Congress has expressly delegated to the Secretary the power to prescribe standards for determining when income is actually available to the applicant, "more than mere deference" is accorded that Secretary's definition of the term "available" which does not always include income "actually in the hands." Fleshman on Behalf of Fleshman v. Heckler. 709 F.2d, 1003 (5th Cir. at 1003). Furthermore, with respect to determining the equity of deeming, the First Circuit in Kollett, supra, held that the exclusion rather than deeming of stepparent income to a child was pursuant to statutory language ". . . an exception . . . to be justified if at all, only by the Secretary's affirmative determination of inequity." In reversing the decision below, the court here held that the District Court had gone too far in expecting that the agency would use discretion in applying income deeming procedures. Id. at 141. See also, Hammond v. Secretary ofHealth, Education and Welfare, 646 F.2d 455 (10th Cir. 1981). InHammond, the Tenth Circuit specifically addressed the deeming issue as it related to the deeming of stepparental income to a disabled child. Hammond, 646 F.2d at 455. The court held:
 "To interpret the statutory language "except to the extent determined by the Secretary to be inequitable under the circumstances" as meaning that income of a stepparent is chargeable to the disabled child only if such income is actually available to the stepchild would render meaningless the prior statutory language that such income is deemed income of the child `whether or not available to such individual.' To interpret the statute in the manner suggested . . . would require this Court to give a meaning to statutory language that is at least somewhat nebulous in nature which would totally negate other statutory language which is crystal clear in meaning."
Id. at 457.
In Fleshman, involving the deeming of parental income to a child, the Fifth Circuit joined the First and the Tenth Circuit in holding that an individual determination of whether deeming is inequitable does not require a case by case adjudication by the Secretary. Fleshman, 709 F.2d at 1004.
Deference to Secretary's Interpretation of Regulations
Generally, the interpretation of departmental regulations by Secretary of Health and Human Services is of controlling weight unless that determination is plainly erroneous or inconsistent with the regulation. Bouchard v. Secretary of Health and HumanServices, 583 F. Supp. 944 (1984); cf. Ford Motor Credit Co. v.Milhollin, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980). The provisions of the Rhode Island Department of Human Services regulations for QMB/SLMB eligibility regarding income guidelines follow the federal provisions in the United States Code. In that respect, the state requirements are not contrary to the federal regulations. The express language in the federal regulation provides that where the ineligible spouse has no income to deem, the applicant is treated as an individual for eligibility purposes:
 "If. . . there is no income to deem from your spouse . . . we subtract only your countable income from the Federal benefit rate for an individual to determine whether you are eligible. . . ."
20 C.F.R. § 416.1163(d)(1).
The applicant is treated as part of an eligible couple in this fashion:
 "If the amount of your ineligible spouse's income . . . is more than the difference between the Federal benefit rate for an eligible couple and the federal benefit rate for an eligible individual, we treat you and your ineligible spouse as an eligible couple."
20 C.F.R. § 416.1163(d)(1).
The state regulations which implement the benefits program exactly as described in the federal regulations are not violative of statutory provisions, nor do they exceed the statutory authority of the agency, as alleged by the plaintiff. From a review of the evidence of record, it is clear that DHS correctly applied the proper individual standard to the plaintiff in the determination of his eligibility for benefits.
Unless the department's interpretation is clearly erroneous or inconsistent with the federal regulation, such interpretation is to be upheld. Bouchard v. Secretary of Health and HumanServices, 583 F. Supp. 944 (1984). In the instant matter, the department's interpretation is clearly consistent with federal regulations. The Court finds that the regulations of the Rhode Island Department of Human Services adhere to the directives of the federal regulations in this matter. The evidence of record also shows that DHS applied the appropriate income determination methodology and categorical standard in assessing the plaintiff's eligibility for QMB/SLMB benefits.
Upon a review of the entire record, the Court finds that the agency's denial of benefits to the plaintiff was not in violation of any constitutional or statutory provisions, was not in excess of the statutory authority of the agency or made upon lawful procedure, and was not clearly erroneous in view of the reliable, probative and substantial evidence of the whole record. The agency decision was not arbitrary or capricious or characterized by an abuse of discretion or affected by error of law. Accordingly, the plaintiff's appeal is denied, and the decision of the Department of Human Services is hereby affirmed.
Attorney's Fees
The plaintiff requests attorney's fees pursuant to the Equal Access to Justice Act, G.L. 1956 (1993 Reenactment) §42-92-1, et seq. The plaintiff is entitled to recover reasonable attorney's fees if deemed to be the prevailing party, unless the position of the agency is substantially justified. § 42-92-3. In meeting the substantial justification test, the agency has the burden to show that its position was at least clearly reasonable, well founded in law and fact, solid though not necessarily correct. Taft v. Pare, 536 A.2d 888 (R.I. 1988).
As this Court finds that the Department of Human Services is the prevailing party in this case, the plaintiff's request for attorney's fees is denied.
With respect to all of the above, Counsel shall prepare the appropriate judgment for entry.
[1] Subsequent to the filing of this action, the standard set by the Federal Government for the Official Poverty Level has risen to $622.50/month for an Individual and $835.84/month for a couple.