Ernest **FLESHMAN**, on behalf of Lisa FLESHMAN, Plaintiff-Appellee,

v.

Margaret M. **HECKLER**, Secretary of Health and Human Services, Defendant-Appellant.

No. 82–1081.

United States Court of Appeals, Fifth Circuit.

July 22, 1983.

Rehearing Denied Oct. 6, 1983.

**1000**

Katherine S. Gruenheck, Dept. of Justice, Civ. Div., William Kanter, Appellate Staff, Washington, D.C., for defendant-appellant.

Wayne Windle, El Paso, Tex., for plaintiff-appellee.

Before RUBIN and TATE, Circuit Judges, and STAGG,* District Judge.

STAGG, District Judge:

This action was brought under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Secretary of Health and Human Services awarding Lisa Fleshman supplemental security income (hereinafter "SSI") benefits but at a *reduced* level. The district court reversed the Secretary's decision. For the reasons that follow, we conclude that the district court failed to apply the correct standard of review to the Secretary's decision and, therefore, REVERSE the district court.

*Proceedings Below*

The focal point of this dispute has always centered on 42 U.S.C. § 1382c(f)(2) which provides that:

> For the purposes of determining eligibility for and the amount of benefits for any individual who is a child under age 18, such individual's income and resources shall be deemed to include any income and resources of a parent of such individual (or the spouse of such a parent) who is living in the same household as such individual whether or not available to such individual, *except to the extent determined by the Secretary to be inequitable under the circumstances.* (Emphasis supplied.)

After Ernest Fleshman filed for SSI benefits on behalf of his daughter, Lisa Fleshman, the Social Security Administration initially found Lisa ineligible for SSI because the income of Ernest Fleshman deemed to Lisa exceeded the statutory limit. An Ad-

Larry K. Banks, Verrell L. Dethloff, Jr., Soc. Sec. Div., DHHS, Baltimore, Md.,

* District Judge of the Western District of Louisiana, sitting by designation.

ministrative Law Judge later found that Ernest Fleshman's income, beginning October 1, 1979, was less than the statutory limits and that Lisa would be eligible for SSI from that date if she were found to be disabled. After a review of the Administrative Law Judge's decision, the Appeals Council modified the decision by finding that Lisa was disabled[1] and that Ernest Fleshman's income was below the statutory limits for the entire period at issue, from May 1979 through December 1979. The Appeals Council applied the provisions of 20 C.F.R. § 416.1185 (1980)[2] to reduce the amount of income of Ernest Fleshman deemed to Lisa under 42 U.S.C. § 1382c(f)(2) which resulted in Lisa receiving SSI benefits for the entire period of May 1979 through December 1979, but at a reduced rate.[3]

Ernest Fleshman brought suit in district court, alleging that the Appeals Council erred in not finding that "inequitable circumstances" as contemplated by 42 U.S.C. § 1382c(f)(2) were present and that full SSI benefits should have been awarded.[4] On

1. The district court, in an unpublished opinion, summarized Lisa's condition as follows:

 The record reveals that LISA FLESHMAN is a 12-year-old female who suffers from severe cerebral palsy affecting all extremities, mental retardation, and severe scoliosis. LISA's mental and physical condition is that of a one-month-old child. She cannot walk, talk, sit up or control any bodily functions. She requires constant care, which is currently provided by her parents. The child has always lived at home and all expenses have been borne by her parents.

2. These lengthy deeming provisions are now cited as 20 C.F.R. § 416.1160, et seq. (1982). Generally, the regulation provides that parental income deemed to the child applying for benefits is reduced through specific formulas that take into account the needs of the other members of the household.

3. After applying the deeming provisions in § 416.1185, Lisa was found to be eligible for a total of $821.28 in SSI benefits for the period of May 1979 through December 1979. The total amount of benefits Lisa could have received for the same period without the deeming of Mr. Fleshman's income was $1,628.00.

4. The inequities present in this case were succinctly pointed out by the district court when it found that Lisa's "parents are, quite simply, unable to continue to bear the rising costs of medical treatment, and for that reason, have applied for Supplemental Security Income." The district court also noted that Lisa's parents had been informed that if Lisa was institutionalized she would not be subject to the deeming provisions because she would not then reside with her parents and thus would be entitled to full SSI benefits. The response of the district court to this possibility was unequivocal when it stated, "[t]he dilemma of LISA FLESHMAN is obvious, and this Court adamantly refuses to force LISA to be institutionalized, and likewise refuses to force LISA to be subjected to less than satisfactory medical care. The parents of LISA FLESHMAN are to be applauded in their determination to see that their daughter receives sufficient care and treatment." It is obvious from the above findings by the district court that it was impressed with the efforts of Lisa's parents to properly care for their child, but that they were having trouble doing so even though they already received some benefits.

Another problem noted in the court below and here was that if Mr. Fleshman's income rises to a level where Lisa becomes ineligible for SSI benefits, she could also lose her eligibility for Medicaid payments. In a brief submitted by the Secretary at the request of this court, the Secretary points out that Lisa is now receiving full SSI benefits and has never lost her eligibility for Medicaid. Should Lisa lose her eligibility for SSI benefits, her continued entitlement to Medicaid benefits would hinge on whether or not the state Medicaid agency of her place of residence submitted an application on her behalf to be exempted from the normal deeming rules. The determination of the state agency, in turn, hinges on (1) whether that particular state has adopted its own Medicaid eligibility programs and (2) the provisions of those programs. Suffice it to say that there is a possibility that if Lisa loses her entitlement to SSI benefits through the deeming provisions she might also lose her entitlement to Medicaid benefits.

Like the district court, this court has considerable sympathy for the plight of Lisa's parents as presented in the above circumstances. On the other hand, it must be recognized that Congress explicitly stated in § 1382c(f)(2) that income of the parents would be deemed to the child as a general rule. Furthermore, it cannot be argued that at some parental income level public assistance for the care of Lisa should end so that others, who are more needy, might receive benefits. Thus, the equities in this case ultimately hinge on a determination that the level of income of Lisa's parents at which public assistance might end is too low.

It seems obvious to us that determining the level of parental income at which public assist-

cross motions for summary judgment, the district court found that the Secretary's "implied finding that it is not inequitable under the circumstances to deem the income of Lisa Fleshman's parents to her for purposes of determining the availability of Supplemental Security Income benefits is not supported by substantial evidence." Based on this finding, the district court ordered that the Secretary pay Lisa the maximum amount of SSI benefits possible without deeming any income of her parents to Lisa.

*Issue on Appeal*

The Appeals Council found that the provisions of 20 C.F.R. § 416.1185 (1980) were valid under the Secretary's rulemaking authority and constituted the exclusive circumstances under which income of the parents would not be deemed to be income of the disabled child. Mr. Fleshman, on the other hand, has consistently maintained that the language in § 1382c(f)(2), "except to the extent determined by the Secretary to be inequitable under the circumstances," requires a case-by-case determination by the Secretary whether it is inequitable to deem income of the parents to the disabled child. There is no factual dispute, and the sole issue is whether the Secretary may rely on the provisions of 20 C.F.R. § 416.1185 (1980) exclusively to determine when it is inequitable to deem income under 42 U.S.C. § 1382c(f)(2).

*Standard of Review*

As was previously noted, the district court found the Secretary's decision was not supported by substantial evidence. However, the effect of 20 C.F.R. § 416.1185 (1980) is to remove from adjudication the issue of when it is inequitable to deem income of the parents to the child. In these circumstances, "where the Secretary exer-

cises rulemaking authority, the standard of review is no longer one of substantial evidence but instead whether the regulations are valid and properly applied." *Broz v. Schweiker,* 677 F.2d 1351, 1361 (11th Cir. 1982).

Under the plain wording of § 1382c(f)(2), Congress intended that parental income be deemed to be income of the child, even if the income is not actually available to the child, for the purpose of determining the child's eligibility for SSI benefits. The statute just as clearly leaves the determination of when it would be inequitable to apply this general rule in the hands of the Secretary. The requisite determination was made, and is embodied in § 416.1185. The Supreme Court has summarized the standard of review to be applied to such regulations as follows:

Unlike the statutory term in Title II, however, Congress in § 407(a) expressly *delegated* to the Secretary the power to prescribe standards for determining what constitutes "unemployment" for purposes of AFDC–UF eligibility. In a situation of this kind, Congress entrusts to the Secretary, rather than to the courts, the primary responsibility for interpreting the statutory term. In exercising that responsibility, the Secretary adopts regulations with legislative effect. A reviewing court is not free to set aside those regulations simply because it would have interpreted the statute in a different manner. *American Telephone & Telegraph Co. v. United States,* 299 U.S. 232, 235–237, 57 S.Ct. 170, 172, 81 L.Ed. 142 (1936).

The regulation at issue in this case is therefore entitled to more than mere deference or weight. It can be set aside only if the Secretary exceeded his statutory authority or if the regulation is "arbi-

ance ends is a uniquely legislative function. Congress provided a basis for determination of eligibility for SSI benefits based on income in 42 U.S.C. § 1382. In § 1382c(f)(2), Congress stated the general rule that parental income, whether or not actually available to the child, would be deemed as income of the child for determining eligibility for SSI benefits under § 1382. While the use of the term "inequita-

ble" in § 1382c(f)(2) usually implies the exercise of judgment, the determination is delegated to the Secretary. As discussed later in this opinion, the grounds upon which such legislative determinations may be attacked are limited and do not include this court's being able to substitute its opinion for that of the Secretary as to when public assistance begins and ends.

trary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 706(2)(A), (C).

*Batterton v. Francis,* 432 U.S. 416, 425–26, 97 S.Ct. 2399, 2405–06, 53 L.Ed.2d 448, 457 (1977).

 In cases where Congress has expressly delegated the power to develop standards in specific areas to the Secretary, more than mere deference is owed to the Secretary's decision. In *Schweiker v. Grey Panthers,* 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981), the Supreme Court found such an express delegation in 42 U.S.C. § 1396a(a)(17)(B), which delegated to the Secretary the power to prescribe standards to determine when certain income or resources were actually available to the applicant. Given this delegation, the Court enunciated the following standard of review:

> In view of this explicit delegation of substantive authority, the Secretary's definition of the term "available" is "entitled to more than mere deference or weight." *Batterton v. Francis, supra,* 432 U.S. at 426, 97 S.Ct. at 2406. Rather, the Secretary's definition is entitled to "legislative effect" because, "[i]n a situation of this kind, Congress entrusts to the Secretary, rather than to the courts, the primary responsibility for interpreting the statutory term." *Id.* at 425, 97 S.Ct. at 2405. Although we do not abdicate review in these circumstances, our task is the limited one of ensuring that the Secretary did not "excee[d] his statutory authority" and that the regulation is not arbitrary or capricious. *Id.* at 426, 97 S.Ct. at 2406.

101 S.Ct. at 2640. The language in § 1396a(a)(17)(B) is not identical to the language in § 1382c(f)(2). However, the use of such an imprecise term as "inequitable" without further definition certainly reflects the deliberate grant of broad discretion to the Secretary to determine when circumstances are inequitable. *See, Steere Tank Lines, Inc. v. I.C.C.,* 694 F.2d 413, 419 (5th Cir.1982). The use of the term "inequita-

ble", when coupled with the express delegation to the Secretary of the duty of interpreting that term reflects a situation where Congress has entrusted "to the Secretary, rather than the courts, the primary responsibility for interpreting the statutory term." Therefore, our review of 20 C.F.R. § 416.-1185 (1980) is limited to ascertaining whether the Secretary has exceeded his statutory authority, or whether the regulation is arbitrary and capricious.

*Application to the Present Case*

 As noted earlier, Mr. Fleshman has consistently maintained that because the application of § 416.1185 will result in inequities in this case,[5] the Secretary's exclusive reliance on that regulation cannot be upheld. However, this argument has been rejected as a basis for overturning regulations by the Secretary in similar areas.

For example, *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), involved a statutory requirement that a wife's or child's relationship to a deceased wage earner be in existence for at least nine months prior to his death in order to be entitled to certain insurance benefits. The Supreme Court, in the process of rejecting a constitutional attack on the requirement, stated:

> The administrative difficulties of individual eligibility determinations are without doubt matters which Congress may consider when determining whether to rely on rules which sweep more broadly than the evils with which they seek to deal. In this sense, the duration-of-relationship requirement represents not merely a substantive policy determination that benefits should be awarded only on the basis of genuine marital relationships, but also a substantive policy determination that limited resources would not be well spent in making individual determinations. . . .
>
> . . . There is thus no basis for our requiring individualized determinations when Congress can rationally conclude not only

5. *See* footnote 4, *supra.*

that generalized rules are appropriate to its purposes and concerns, but also that the difficulties of individual determinations outweigh the marginal increments in the precise effectuation of congressional concern which they might be expected to produce.

95 S.Ct. at 2476. While the Supreme Court in *Weinberger* was concerned with a congressional judgment that individual determinations were undesirable and in the context of a different statute, the First Circuit has found that the rationale in *Weinberger* justified the lack of individual determinations under § 1382c(f)(2). *Kollett v. Harris,* 619 F.2d 134, 139 n. 4 (1st Cir.1980). The only other circuit to consider the issue of individual determinations under § 1382c(f)(2) has found that the *Kollett* rationale is persuasive, holding that the Secretary's reliance on § 416.1185 is valid, and that § 1382c(f)(2) does not require an individual determination whether deeming is inequitable. *Faidley v. Harris,* 656 F.2d 582 (10th Cir.1981); *Hammond v. Secretary of Health, Education and Welfare,* 646 F.2d 455 (10th Cir.1981).

The decisions in *Kollett, Faidley* and *Hammond* gain further support from the Supreme Court decision in *Grey Panthers, supra,* where the rationale of *Weinberger* was applied to the Secretary's implementing regulation:

> Sound principles of administration confirm our view that Congress authorized "deeming" of income between spouses. The administration of public assistance based on the use of formula is not inherently arbitrary. Cf. *Weinberger v. Salfi,* 422 U.S. 749, 781, 784, 95 S.Ct. 2457, 2474, 2475, 2476, 45 L.Ed.2d 522 (1975). There are limited resources to spend on welfare. To require individual determinations of need would mandate costly factfinding procedures that would dissipate resources that could have been spent on the needy. *Id.* at 784, 95 S.Ct. at 2476.

101 S.Ct. at 2642. Given the limited grounds upon which § 416.1185 may be overturned and the holdings of the Supreme Court in *Weinberger* and *Grey Panthers,* it is clear that the existence of potential inequities due to the application of § 416.1185 in this case cannot form the basis for overturning the Secretary's decision. We therefore join the First and Tenth Circuits and decide that in determining whether deeming income of the parents to the child is inequitable under 42 U.S.C. § 1382c(f)(2), a case-by-case adjudication by the Secretary is not required.

For the foregoing reasons, the judgment of the district court is REVERSED, and the case REMANDED with directions to affirm the Secretary's decision and to dismiss the complaint and action.