**Georgiana McDERMOTT, on Behalf of Jason SKYE, Plaintiff,**

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. CIV–81–174C.**

United States District Court,
W.D. New York.

June 25, 1985.

Neighborhood Legal Services, Inc., Buffalo, N.Y., for plaintiff; Olney H. Clowe, Buffalo, N.Y., of counsel.

Salvatore R. Martoche, U.S. Atty., Buffalo, N.Y., for defendant; Matthew J. Murphy III, Asst. U.S. Atty., Buffalo, N.Y., of counsel.

CURTIN, Chief Judge.

Jason Skye is the natural son of Georgiana McDermott and the stepson of Bryan

McDermott. Bryan and Georgiana were married on May 12, 1979. Jason is severely disabled, and the extent of his disability is not an issue in this case. The issue here is whether certain portions of Bryan McDermott's income are to be "deemed" as income to Jason, thus disqualifying Jason as a recipient of Supplemental Security Income benefits. In a proper case, the regulations promulgated pursuant to the Social Security Act permit attributing the income of another to one who claims benefits under the Act. *See*, 20 C.F.R. §§ 416.1160–1169.

## I.

### Prior Proceedings

The plaintiff's eligibility for benefits was twice considered by an Administrative Law Judge [ALJ]. A hearing was held on April 20, 1980, and the ALJ's first decision was issued eight days later. The ALJ found that, pursuant to 42 U.S.C. § 1382c(f)(2), it would be "inequitable under the circumstances" to attribute Bryan McDermott's income to the plaintiff. Record at 10.

The Appeals Council reversed the ALJ's decision. The Appeals Council rejected the ALJ's interpretation of the statutory language "inequitable under the circumstances" (42 U.S.C. § 1382c(f)(2)). Whereas the ALJ cited the *particular* hardships endured by Jason Skye and the strains put upon his stepfather's small income, the Appeals Council stated that the "circumstances" making income attribution inequitable are limited to those listed in the regulations. Applying the regulations, the Appeals Council held that some of Bryan McDermott's income must be attributed to Jason. The result was a finding that Jason was ineligible to receive benefits. Record at 5–6. The plaintiff appealed from that decision.

In an order dated June 9, 1983, the court remanded the case to the Secretary. The regulations (*i.e.*, 20 C.F.R. §§ 416.1161(a)) provide for deductions from a parent's income which is attributable to a claimant. The ALJ's decision in favor of the plaintiff merely stated that attribution would be inequitable. No findings were made concerning the applicability of the exceptions listed in 20 C.F.R. § 416.1161(a). The Appeals Council also failed to make such findings. The court remanded the case to the Secretary so that she could determine if any of Bryan McDermott's income should be exempted pursuant to the regulations.

On remand, a supplemental hearing was held by the same ALJ on October 5, 1983. On November 15, 1983, the ALJ found that Bryan McDermott was required to make alimony and child support payments under a state court order and decided that the amounts of these payments should be excluded from the income deemed to Jason. The ALJ also decided that amounts garnished from Mr. McDermott's wages under state court judgments should not be deemed to Jason. Finally, the ALJ held that 1) the basis for determining Jason's deemed income should be Mr. McDermott's net income and 2) that Mr. McDermott's payment of medical expenses for Jason and for a son by a previous marriage was not supported by sufficient evidence. Record at 126.

The Appeals Council modified the ALJ's recommended decision. It adopted the finding that alimony and child support payments should not be deemed to Jason. It also adopted the finding that there was insufficient evidence to substantiate certain medical expenses. However, the Appeals Council held that other amounts garnished from Mr. McDermott's wages should *not* be excluded for deeming purposes and that the basis for calculating deemed income is Bryan McDermott's *gross* wages. Record at 119. The plaintiff appeals from this decision pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act (42 U.S.C. §§ 405(g), 1383(c)(3)).

## II.

### Discussion

The aspects of the Secretary's decision which are challenged here are: 1) her conclusion that the deeming regulations list all of the items excludable from the income

deemed to a plaintiff, thus making individualized determinations of "inequity" unnecessary; 2) her finding that the medical expenses for Jason and a son by a previous marriage were unsupported; 3) use of gross income as the basis for calculating deemed income; and 4) the conclusion that amounts garnished from wages are not excludable from the income deemed to Jason.

## A. *Effect of Regulations*

■ Recent case law developments have supported the Secretary's position that 42 U.S.C. § 1382c(f)(2) does not require the Secretary to consider factors other than those listed in the regulations when determining whether deeming income to a claimant would be "inequitable under the circumstances." *Fleshman On Behalf of Fleshman v. Heckler,* 709 F.2d 999 (5th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 727, 79 L.Ed.2d 188 (1984); *Hammond v. Secretary of Health, Education, and Welfare,* 646 F.2d 455 (10th Cir.1981); *Kollett v. Harris,* 619 F.2d 134 (1st Cir. 1980). These cases are consistent with the principle that the Secretary's broad authority to promulgate regulations implementing such imprecise statutory language as "inequitable" allows her to rely exclusively upon reasonable regulations in lieu of engaging in case-by-case determinations. *Fleshman,* 709 F.2d at 1002–04. Accordingly, I conclude that it was not legal error for the Secretary to rely exclusively upon the regulations.

## B. *Medical Expenses*

■ Bryan McDermott testified that he has spent $2,500 in out-of-pocket medical expenses for his son by a prior marriage. This responsibility is imposed upon him by a court order which is incorporated into the divorce decree which ended his prior marriage. Record at 165, 170. Payments of this sort are excluded from income deemed to claimants. 20 C.F.R. § 416.1161(a)(10).

The ALJ stated that he "did not necessarily doubt" Mr. McDermott's approximation. Nonetheless, he did not accept the testimony because there was no verifica-

tion for the amount claimed. Record at 126. The Appeals Council approved this finding, stating that "the record does not contain adequate evidence concerning the amount of medical expenses paid from Mr. McDermott's income. Record at 119.

It hardly needs to be repeated that reviewing courts cannot substitute their own fact findings for those of the Secretary, even if the court is nearly certain that its findings would be different. This is a case where the Secretary's conclusion is harsh, but not unreasonable. It was not unreasonable for the Secretary to reject expense approximations that were not verified by written records. Accordingly, I conclude that the Secretary did not err when she refused to exclude $2,500 which Mr. McDermott said he paid for medical care for his son by a previous marriage.

The Secretary disallowed payments for Jason Skye's medical expenses for the same reason. It should be noted that these types of expenditures are not listed in the regulations concerned with deemed income and deductions therefrom. Rather, they are dealt with in the sections concerned with calculating the income earned by the claimant directly. *See,* 20 C.F.R. §§ 416.-1100, 416.1103(a)(1). This raises the question of whether the regulations concerning deemed income are applicable and, therefore, whether medical expenses of this sort could ever be excluded from deemed income. That question need not be answered in the present case, because the Secretary disallowed the exclusion on evidentiary grounds. Although another fact finder may well have accepted the testimonial evidence offered on this matter, the Secretary had the right to reject it.

## C. *Garnished Wages*

■ The Secretary determined that the portion of Bryan McDermott's wages which are garnished for the purpose of satisfying old judgments must be deemed to Jason. There is no exemption listed in 20 C.F.R. § 416.1161(a) that mentions garnishments. Nonetheless, the court con-

cludes that it was error to deem this income to the claimant, Jason Skye.

Attributing garnished wages to a claimant is not consistent with the reasons why the income attribution regulations were promulgated. Income of a parent is attributed to a disabled child because, presumably, the money is both available to the parent and usable by the parent to provide for the feeding, clothing, and sheltering of his or her disabled child. Accordingly, the regulations take account of the fact that a parent's income must, in part, be used to meet the needs of his or her other non-disabled (*i.e.*, "ineligible") children. Amounts required to support ineligible children are not included in the income attributed to the disabled child. *See,* 20 C.F.R. §§ 416.-1160(a)(2), 416.1165(b), 416.1163(b). The regulations caution that, even if the money presumed to be usable for supplying the needs of the disabled child is not actually used for that purpose, the attribution rules must be applied anyway. 20 C.F.R. § 416.-1160(a)(2). However, even this statement assumes that the money is available for the purposes which the law presumes it will be used.

In the case of garnished wages, the money is not available even to the earner. Mr. McDermott never gets the garnished funds, and they are, therefore, totally unavailable to Jason. Consequently, it is improper to attribute Mr. McDermott's garnished income to Jason. The Secretary erred in doing so.

D. *Basis for Calculating Deemed Income*

■ The Appeals Council determined that the basis for computing deemed income must be Mr. McDermott's gross wages. This is correct. The regulations define income as including "earned" and

"unearned" gain. 20 C.F.R. § 416.1104. Earned income includes, among other things, wages. Wages are defined as "what you receive (before any deductions) for working as someone else's employee." 20 C.F.R. § 416.110(a). It is clear that "deductions" refer to such things as income tax.[1] Since the regulations deal with this subject (in contrast to the subject of garnishments) by such a clear implication, the court concludes that the Secretary was correct in determining that gross income is the basis from which deemed income is calculated.

### III.

#### *Conclusion*

The decision of the Secretary is affirmed in part, reversed in part, and remanded. It is reversed insofar as the Secretary failed to exclude the amounts garnished from Mr. McDermott's wages from the income deemed to Jason. In all other respects, the decision is affirmed. The case is remanded to the Secretary to determine, in light of today's decision by the court, Jason Skye's eligibility to receive Supplemental Security Income benefits.

So ordered.

1. The court does not believe that "deductions" refer to such things as garnishments. Garnishments are subtracted from the income which eventually finds its way into the earner's hands, but they are quite different from what we normally call "deductions." When earners speak of deductions, they refer to items that are taken out of gross pay in accordance with tax laws and the terms of the employer-employee relationship. Garnishments are extraordinary and involuntary subtractions from one's income. Two persons earning the same income before "deductions" are not comparable providers for their dependents if one earner has his wages garnished.