Janice SPRANDEL, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

Civ. No. 85–0401–B.

United States District Court, D. Maine.

Oct. 10, 1986.

James R. Crotteau and Pine Tree Legal Assistance, Inc. on brief, for plaintiff.

Robert J. Triba, Asst. Regional Counsel, Dept. of Health and Human Serivces, Richard S. Cohen, U.S. Atty. and Timothy C. Woodcock, Asst. U.S. Atty., on brief, for defendant.

## MEMORANDUM AND ORDER ACCEPTING MAGISTRATE'S RECOMMENDED DECISION

CYR, Chief Judge.

Prior to her marriage to Frederick Sprandel on December 21, 1983, plaintiff received $324 per month in SSI benefits. Following her marriage, the benefit amount was reduced to $140.90, which was based on the combined income of the *couple*, pursuant to 42 U.S.C. § 1382(b)(2); 20 C.F.R. § 416.1802(b). Each spouse was paid one-half of the benefit amount, or $70.45, pursuant to 20 C.F.R. § 416.502. In addition, Mr. Sprandel received monthly Social Security retirement insurance benefits of $366.10.

Mr. and Mrs. Sprandel separated less than two months later, on February 2, 1984. For the next six months, from March through August 1984, they continued to be treated as an eligible couple for purposes of SSI benefit payments, pursuant to 42 U.S.C. § 1382c(b); 20 C.F.R. § 416.1830. During this period, their benefits as an eligible couple continued to be divided equally, pursuant to 20 C.F.R. § 416.502.

Thus, for the six months following their separation, Mr. Sprandel's income increased to $436.55 per month ($366.10 plus $70.45), while plaintiff's income remained at $70.45 (but down from $324 per month prior to her marriage). One consequence of her reduction in income was that plain-

tiff was forced to leave her publicly subsidized apartment because of her inability to make utility payments.

Plaintiff sought an administrative remedy, by requesting that she receive the entire SSI benefit payment ($140.90) for the six-month period following her separation, on the ground that division of the SSI payment deprived her of a minimum subsistence level of income, contrary to the purposes of the SSI program.

On May 2, 1985, the Administrative Law Judge [ALJ] found that "[t]he claimant's supplemental security income payments for the period March 1984 through August 1984 were correct." (ALJ's Decision, at 3.) The Appeals Council declined to review the decision, thus constituting it the final determination of the Secretary of Health and Human Services [Secretary].

On October 28, 1985, plaintiff filed a complaint for judicial review under 42 U.S.C. § 1383(c)(3). A report was filed by the U.S. Magistrate on June 5, 1986, recommending affirmance of the decision of the Secretary.

The court undertakes *de novo* review of that portion of the recommended decision to which plaintiff has made timely objection. 28 U.S.C. § 636(b).

The Social Security Act directs the Secretary to promulgate procedural regulations for the payment of SSI benefits. 42 U.S.C. § 1383. The Secretary's regulations are entitled to deference and may be set aside only if they exceed the Secretary's statutory authority, or are arbitrary or capricious. *Heckler v. Campbell*, 461 U.S. 458, 466, 103 S.Ct. 1952, 1956–57, 76 L.Ed.2d 66 (1983); *Schweiker v. Gray Panthers*, 453 U.S. 34, 44 (1981).

Plaintiff challenges the automatic division of the SSI payments into equal shares under 20 C.F.R. § 416.502. She maintains that such a division, in circumstances like those of the present case, is contrary to the purpose of the statute and is arbitrary and capricious.

The regulation challenged by plaintiff, 20 C.F.R. § 416.502, reads as follows: "Unless otherwise indicated, the monthly installment amount for an eligible couple will be divided equally and paid in separate checks to each individual." This manner of payment is neither mandated nor prohibited by the statute, which gives the Secretary broad authority: "Payments of the benefit of any individual may be made to any such individual or to his eligible spouse (if any) or partly to each...." 42 U.S.C. § 1383(a)(2).

In addition, the legislative history neither mandates nor conflicts with the Secretary's regulation. Both the Senate and House Reports state that "[w]hen a husband and wife are entitled to benefits, each may be paid one-half of the total monthly benefit." H.R.Rep. No. 92–231, 92d Cong., 1st Sess. 154 (May 26, 1971), and S.Rep. No. 92–1230, 92d Cong., 2d Sess. 390 (Sept. 26, 1972), *reprinted in* 1972 U.S.Code Cong. Ad.News 4989, 5140. Thus, both the statute and its legislative history permit the Secretary to make equal payments to both spouses, as directed by 20 C.F.R. § 416.502, although neither requires such a division. Clearly, the challenged regulation does not exceed the Secretary's statutory authority.

The remaining issue is whether the regulation is arbitrary or capricious.

The challenged regulation is defensible on two grounds. First, the regulation is administratively efficient. An automatic division of the monthly SSI payments into equal halves, irrespective of the relative income of the spouses from other sources, avoids "individual determinations of need [which] would mandate costly factfinding procedures that would dissipate resources." *Schweiker v. Gray Panthers*, 453 U.S. 34, 48, 101 S.Ct. 2633, 2642, 69 L.Ed.2d 460. Because resources are limited, "[t]he administration of public assistance based on the use of a formula is not inherently arbitrary." *Id.*

Second, the regulation can be defended on the ground that the income of one spouse may be "deemed" to be available to the other. Such an assumption seems more viable with respect to eligible couples who are living together than to those who have separated. As the recommended deci-

sion noted: "[A]pplication of the regulation will undoubtedly create inequities, for it is not unlikely that following a separation one spouse will frequently no longer share his resources with the other spouse." (Recommended Decision, at 3–4).

Nevertheless, the United States Supreme Court has sustained a similar presumption in *Schweiker v. Gray Panthers, supra.* In calculating Medicaid benefits, the *Schweiker* Court held that a state may presume that a spouse's income is contributed to an institutionalized Medicaid applicant, without making a factual determination that the spouse's income actually is contributed to the applicant.

Plaintiff, however, does not challenge the applicability of the holding in *Schweiker.* Nor does she challenge the use of a formula in determining the apportionment of benefits between eligible spouses. Rather, she argues that 20 C.F.R. § 416.502 is arbitrary and capricious because the formula employed will always work an injustice under certain predictable and recurrent circumstances, and because such injustices are avoidable by employing a different formula.

Plaintiff notes that the automatic payment of one-half of the SSI grant to each spouse following separation will *always* result in below-subsistence income for the disabled member, when the nondisabled spouse has additional income and the disabled spouse does not. Indeed, an inequitable allocation will occur even when the disabled spouse has additional income, as long as the income of the nondisabled spouse is greater.

To correct these inequities, plaintiff proposes a formula to be applied to all SSI payments to eligible separated couples.[1]

The court, however, does not reach the question of whether plaintiff's formula would correct the inequities produced by 20 C.F.R. § 416.502. Even if it did and even if it could be implemented by the Secretary without undue difficulty, that would not be a sufficient basis for striking down the regulation.

■ The fact that one formula may be superior to another in allocating benefits does not mean that the inferior formula is arbitrary or capricious. Nor can "the existence of potential inequities" due to the application of a regulation "form the basis for overturning the Secretary's decision." *Fleshman on Behalf of Fleshman v. Heckler,* 709 F.2d 999, 1004 (5th Cir.1983), *cert. denied,* 464 U.S. 1049, 104 S.Ct. 727, 79 L.Ed.2d 188 (1984). [Not arbitrary or capricious for Secretary to deem income of stepparent available to child under 20 C.F.R. § 416.1185.]

It is not irrational for the Secretary to allocate SSI payments to an eligible couple, nor is it irrational to use a formula that is administratively efficient, even though its use will sometimes result in inequities. And, in those instances where inequities occur—because income that is deemed to be available is not available, it is not irrational for the Secretary to leave to the individuals concerned the pursuit of their rights through state court procedures.[2]

The court sympathizes with the plight of the plaintiff and with others similarly situated. But "sympathy is an insufficient basis for approving a recovery" when there is no basis for recovery in the law. *Potomac Electric Power Co. v. Director, OWCP,* 449 U.S. 268, 284, 101 S.Ct. 509, 517–18, 66 L.Ed.2d 446 (1980). The challenged regulation, 20 C.F.R. § 416.502, is neither arbi-

1. Plaintiff's proposed formula is as follows: (1) if the additional income of one member is greater than one-half the SSI payment to the couple, then the entire SSI payment will be made to the other member; and (2) if the additional income of each member is less than one-half the SSI payment to the couple, then each member receives the difference between one-half the SSI payment and that member's additional income.

2. Plaintiff claims that a state court order for spousal support would be impossible to enforce,

because SSI benefits are exempt from attachment or garnishment under 42 U.S.C. §§ 407(a) and 1383(d)(1). However, the Social Security Act, *see* 42 U.S.C. §§ 659, 662(c) & (f), expressly allows for garnishment of Social Security benefits to provide for spousal support, notwithstanding section 407(a). Whatever the practical difficulties encountered in the pursuit of rights through state judicial procedures, it is not irrational for the Secretary to defer to them for the redressing of inequities.

trary nor capricious, and thus does not meet the standard for invalidation. Accordingly, the court ACCEPTS the Recommended Decision of the Magistrate, and AFFIRMS the decision of the Secretary.

SO ORDERED.